EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Roynell Valentín Rivera<br><br>Peticionario | Certiorari<br><br>2017 TSPR 37<br><br>197 DPR ____ |

Número del Caso: CC-2015-451

Fecha: 16 de marzo de 2017

Tribunal de Apelaciones:

> Región Judicial de Mayagüez-Aguadilla, Panel X

Abogado de la Parte Peticionaria:

> Lcdo. Harry Padilla Martínez

Oficina de la Procuradora General:

> Lcda. Margarita Mercado Ehegaray
> Procuradora General
>
> Lcda. Mónica Cordero Vázquez
> Subprocuradora General
>
> Lcdo. Juan Ruiz Hernández
> Procurador General Auxiliar

Materia: Sentencia del Tribunal con Opinión Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.

Roynell Valentín Rivera

    Peticionario

CC-2015-0451      Certiorari

SENTENCIA

En San Juan, Puerto Rico, a 16 de marzo de 2017.

I.

En el presente caso, el señor Roynell Valentín Rivera fue encontrado culpable, mediante juicio por jurado, por violación al Art. 108 del Código Penal de 2012, 33 LPRA sec. 5161 (agresión), e infracciones a los Arts. 5.04, 5.05, y 5.15 de la Ley Núm. 404-2000, Ley de Armas de Puerto Rico, 25 LPRA 458c, 458d y 458n, respectivamente. Así las cosas, en dictámenes separados, el Tribunal de Primera Instancia le impuso una pena de reclusión de diecinueve (19) años y seis (6) meses.

Inconforme con dicha determinación, **y a través de su representación legal**, el 17 de diciembre de 2014 el señor Valentín Rivera acudió en alzada al Tribunal de Apelaciones. Allí, en esencia, argumentó que el Tribunal de Primera Instancia había errado en la apreciación de la prueba.

Evaluado el planteamiento del peticionario, y luego de varios meses de inactividad, el 27 de febrero de 2015, notificada el 12 de marzo de 2015, el Tribunal de Apelaciones dictó sentencia. Al así hacerlo, confirmó los dictámenes recurridos, fundamentándose en que el señor Valentín Rivera no incluyó -- ni solicitó prórroga para presentar -- una transcripción, una exposición estipulada o una exposición narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia, a tenor con lo dispuesto en las Reglas 29 y 76 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Inconforme con dicho proceder, el 3 de junio de 2015, el señor Valentín Rivera acude ante nos. En síntesis, sostiene que el Tribunal de Apelaciones erró al desestimar el recurso sin haber notificado, previamente, que no se había presentado ante dicho foro una exposición narrativa o una transcripción de la prueba oral. A dicha solicitud, la Procuradora General del Estado Libre Asociado de Puerto Rico (en adelante "Procuradora General") se opuso.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver. Procedemos, pues, a así hacerlo.

## II.

Como es sabido, "[e]n nuestro sistema judicial, el derecho a apelar es un derecho estatutario y no constitucional, por lo que le compete a la Asamblea Legislativa determinar si las partes tendrán derecho a invocar la jurisdicción apelativa de los tribunales". *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98, 104 (2013); *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174 (2007); *Reyes v. Delgado*, 81 DPR 973 (1960).

Una vez la Asamblea Legislativa reconoce tal derecho, recae en este Tribunal la facultad para diseñar las reglas que aseguren el *"acceso fácil, económico y efectivo"* al foro apelativo intermedio. Regla 2 del Reglamento del Tribunal de Apelaciones, *supra*, R. 2; *Fraya v. A.C.T.*, 162 DPR 182 (2004). Lo anterior claramente se desprende de lo dispuesto en los Arts. 2.002 y 4.004 de la Ley Núm. 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, 4 LPRA secs. 24c y 24w, respectivamente.

A tenor con dicha facultad, y en lo relacionado a las normas sustantivas y procesales que gobiernan los procesos ante el foro apelativo intermedio, allá para el año 2004 este Tribunal aprobó el Reglamento del Tribunal de Apelaciones, *supra*. Dicho cuerpo reglamentario, -- en

conjunto con las Reglas de Procedimiento Civil y de Procedimiento Criminal -- regula el contenido de los recursos que se presentan ante dicho foro. *Pérez Soto v. Cantera Pérez*, *supra*; *J.P. v. Frente Unido I*, 165 D.P.R. 445, 458 (2005).

Así las cosas, y en lo pertinente a la controversia que nos ocupa --dirigida a cuestionar la forma en que el foro sentenciador apreció la prueba--, la Regla 29 del Reglamento del Tribunal de Apelaciones, *supra*, R.29, la cual regula todo lo relacionado a la recopilación de la prueba oral vertida en un caso criminal, establece lo siguiente:

> (A) **Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de *certiorari* es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, someterá, en conformidad con los requerimientos que más adelante se exponen, uno de los documentos siguientes o una combinación de ellos: (1) transcripción (2) exposición estipulada (3) exposición narrativa.**

> (B) **La parte apelante o peticionaria deberá, en el término de diez días de la presentación de la Apelación, acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso,** pudiendo el tribunal determinar el método que alcance esos propósitos. (C) Transcripción, exposición estipulada, exposición narrativa de la prueba. La reproducción de la prueba oral mediante transcripción se hará conforme las disposiciones de la Regla 76 y cuando fuere mediante exposición estipulada o exposición narrativa, conforme las disposiciones de la Regla 76.1. (Énfasis nuestro)

De otra parte, en lo relacionado a la transcripción de la prueba oral en los recursos de apelación y de *certiorari* ante el foro apelativo intermedio, la Regla 76.1 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 76.1 (A), dispone que:

> **[u]na parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se notificó la expedición del auto solicitado, que se propone transcribir la prueba oral.** En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos. *Íd*. (Énfasis nuestro)

Por último, en su inciso (B), la referida disposición legal establece que:

> ...[a]utorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez (10) días siguientes a la notificación de la orden del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B, R. 76.1 (B*)*.

Como se puede apreciar, de la normativa antes expuesta claramente se desprende que la parte que recurre ante el Tribunal de Apelaciones señalando errores en cuanto a la apreciación de la prueba debe: 1) someter una transcripción, una exposición estipulada o una exposición

narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia, y 2) dentro de los diez (10) días siguientes a la presentación del recurso, presentar una moción en la que explique cuál es el mecanismo de reproducción de la prueba que ha de utilizar y los motivos por el cual éste es el más apropiado. Además, a tenor con la Regla 76 (A) del Reglamento del Tribunal de Apelaciones, *supra*, se requiere que, dentro de esos mismos diez (10) días, la parte apelante indique cuáles son las porciones pertinentes del récord que interesa reproducir, incluyendo la fecha de los testimonios y los nombres de los testigos. Es así, y solo así, que el recurso queda perfeccionado de forma tal que el foro apelativo intermedio --en este tipo de caso-- quede en posición de adjudicar en los méritos las controversias planteadas ante sí.

III.

De otra parte, en reiteradas ocasiones hemos señalado que **"[l]a existencia de un conjunto de normas que regulan la práctica apelativa puertorriqueña implica, en esencia, que aunque haya derecho a apelar, las normas sobre el perfeccionamiento de los recursos apelativos deben ser observadas rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados."** (Énfasis nuestro); *Pérez Soto v. Cantera Pérez*, *supra* en la pág. 104-05, *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011).

Cónsono con lo anterior, **los abogados están obligados a cumplir fielmente con el trámite prescrito en las leyes y en los reglamentos aplicables para el perfeccionamiento de los recursos, es decir, a estos no les corresponde decidir qué disposiciones reglamentarias se deben acatar y cuándo.** *Soto Pino v. Uno Radio Group*, 189 D.P.R. 84 (2013); *Hernández Maldonado v. Taco Maker*, *supra,* en la pág. 290. Ello es así puesto que el propósito de la referida reglamentación es, además de facilitar el proceso de revisión apelativa, colocar al tribunal en posición de decidir correctamente los casos. *Soto Pino v. Uno Radio Group*, *supra*.

Así pues, **la inobservancia de las disposiciones reglamentarias sobre la forma y presentación de los recursos puede conllevar la sanción más severa para cualquier reclamante: la desestimación**. *Hernández Maldonado v. Taco Maker*, *supra*; *Pueblo v. Rivera Toro*, 173 DPR 137 (2008), *Lugo v. Suárez*, 165 DPR 729 (2005). **<u>Ello siempre y cuando nos aseguremos que el quebrantamiento con los postulados reglamentarios haya provocado un impedimento real y meritorio para considerar la controversia en los méritos</u>**. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). Tal es el caso de autos.

IV.

Como mencionamos anteriormente, en el presente caso, el señor Valentín Rivera acudió al Tribunal de Apelaciones

**representado por abogado** y señalando, en esencia, errores relacionados a la apreciación de la prueba por parte del foro sentenciador. Sin embargo, contrario a lo dispuesto en las disposiciones legales y reglamentarias que regulan los procesos ante dicho foro, el señor Valentín Rivera no incluyó --ni solicitó prórroga para presentar-- una transcripción, una exposición estipulada o una exposición narrativa de la prueba oral desfilada ante el Tribunal de Primera Instancia. Es decir, el señor Valentín Rivera no colocó al Tribunal de Apelaciones en posición de poder considerar la controversia ante su consideración y, en consecuencia, poder determinar si en efecto se cometieron los errores señalados. Tampoco demostró justa causa para su incumplimiento. Simplemente, abandonó su caso sin más.

Es menester señalar que --contrario a lo señalado por el peticionario-- en este caso ocurrió algo muy **distinto** a lo ocurrido en *Pueblo v. Rivera Toro*, *supra*; toda vez que en dicho caso el apelante nunca abandonó los tramites apelativos relacionados a su causa de acción. En el referido caso **--dentro del término que el Reglamento del Tribunal de Apelaciones dispone para ello--** el apelante solicitó un término de sesenta (60) días para presentar una exposición narrativa de la prueba. Expirado el término y sin que se presentara la exposición narrativa, la parte apelada solicitó la desestimación del recurso, por lo que el Tribunal de Apelaciones emitió una orden de mostrar causa por la cual no se debía desestimar el mismo.

Oportunamente, el apelante presentó una transcripción de la prueba oral por no haber podido realizar la exposición narrativa debido a lo distante de las oficinas de los representantes legales de las partes y los compromisos de ambas partes. Así pues, la parte apelada presentó una moción informativa en la que alegó que la transcripción sometida carecía de certificación y contenía varias incongruencias, por lo que solicitó la grabación que el apelante hizo de los procedimientos, la cual la parte apelante entregó. Ante este cuadro fáctico, el Tribunal de Apelaciones dictó sentencia en la que desestimó la apelación porque alegadamente no se había cumplido con la orden de mostrar causa y otras incomparecencias que demostraban el abandono de la apelación.

Vemos, pues, que en *Pueblo v. Rivera Toro*, *supra* --a diferencia de lo ocurrido en el caso ante nuestra consideración-- la parte se mantuvo en constante comunicación con el tribunal y demostró su interés en continuar con su causa de acción. Lo anterior no ocurrió en el caso ante nos.

Como ya hemos dicho, en el presente caso, distinto a lo ocurrido en *Pueblo v. Rivera Toro*, *supra*, el señor Valentín Rivera no incluyó --ni solicitó prórroga para presentar-- una transcripción, una exposición estipulada o una exposición narrativa de la prueba oral presentada ante el Tribunal de Primera Instancia. Tampoco demostró justa causa para su incumplimiento. Ello, sin duda, ocasionó un

impedimento real y meritorio para que el Tribunal de Apelaciones pudiese considerar la controversia en los méritos. Así las cosas, y como correctamente lo hizo, el foro apelativo confirmó el dictamen apelado, pues no se rebatió la presunción de corrección que acompaña al mismo.

Como sabemos, en nuestro ordenamiento jurídico, y particularmente en este tipo de casos, le otorgamos un alto grado de deferencia al foro sentenciador, pues estuvo en mejor posición para aquilatar la evidencia testifical presentada, ya que tuvo la oportunidad de oír y ver --de forma directa-- el comportamiento del testigo. *Pueblo v. García Colón I*, 182 DPR 129 (2011); *Pueblo v. Irizarry*, 156 DPR 780, 815 (2002); *Pueblo v. Cabán Torres*, 117 DPR 645 (1986). Es por ello que, de ordinario, cuando se señalan errores relacionados a la apreciación de la prueba --como en el caso de autos-- se exige que el recurso sea perfeccionado mediante alguno de los mecanismos de recopilación de la prueba oral presentada ante el Tribunal de Primera Instancia. *Rivera v. Pan Pepín, Inc.,* 161 DPR 681 (2004); *Hernández v. San Lorenzo Const.*, 153 DPR 405, 411-422 (2001); *Pueblo v. Calderón Hernández*, 145 DPR 603 (1998). Lo anterior no sucedió en el presente caso y no era un requisito reglamentario que el Tribunal de Apelaciones se lo recordara a las partes, sus abogados o abogadas. El Reglamento del Tribunal de Apelaciones es en extremo claro sobre ese particular.

Siendo ello así, no podemos, desde este estrado apelativo de última instancia, **sin una razón que verdaderamente lo justifique**, variar a conveniencia nuestra, a conveniencia de una de las partes, sus abogados o abogadas, los requisitos sustantivos y procesales que actualmente se exigen en la práctica apelativa puertorriqueña. **Eso no es acceso a la justicia.** En el caso de autos no se cometieron los errores señalados.

Así pues, por entender que las disposiciones legales y reglamentarias que gobiernan todo lo relacionado a la presentación de los recursos apelativos ante nuestros tribunales no deben interpretarse flexiblemente en aquellas instancias en que una parte, su abogado o abogada, **sin justa causa**, incumple con los requisitos establecidos en éstas, procede confirmar la sentencia emitida por el Tribunal de Apelaciones en el caso de marras.

Lo anterior, sin embargo, no resulta ser óbice para cualquier acción, si alguna, que la parte afectada pudiese tener, a raíz de la conducta desplegada por su representación legal.

V.

Por los fundamentos antes expuestos, se confirma la Sentencia emitida por el Tribunal de Apelaciones.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió una Opinión Disidente a la que se unió la Jueza Presidenta Oronoz Rodríguez. La Jueza Asociada señora Pabón Charneco no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


El Pueblo de Puerto Rico

    Recurrido

       v.                        CC-2015-451     Certiorari

Roynell Valentín Rivera

    Peticionario


Opinión Disidente emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ a la cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ


San Juan, Puerto Rico, a 16 de marzo de 2017.

Por considerar necesario establecer un vital balance entre el cumplimiento de las reglas apelativas y el derecho y la política judicial de que un ciudadano tenga acceso a apelar, respetuosamente disiento. Específicamente, hubiese realizado ese balance en el ámbito criminal y dictaminado que el Tribunal de Apelaciones incidió al confirmar la privación de libertad de un ciudadano, bajo el fundamento de que éste no incluyó ni solicitó prórroga para presentar una exposición estipulada, una exposición narrativa o una transcripción de la prueba oral vertida en el juicio, sin previamente agotar medidas menos drásticas.

En virtud de los fundamentos que expondré, opino que el Tribunal de Apelaciones abusó de su discreción al confirmar los dictámenes recurridos, sin antes imponer sanciones menos severas, informar y apercibir al peticionario de la situación y sus consecuencias. Así las cosas, revocaría la Sentencia emitida y remitiría el caso al foro apelativo intermedio para la continuación de los procedimientos.

Revisemos el tracto fáctico y procesal que suscitó la controversia de autos.

## I

Como resultado de unos hechos acaecidos el 5 de febrero de 2014, el Ministerio Público presentó cargos contra el Sr. Roynell Valentín Rivera (señor Valentín Rivera o peticionario) por infringir el Art. 108 del Código Penal de 2012, 33 LPRA sec. 5161, y varios artículos de la Ley de Armas de Puerto Rico (Ley de Armas), 25 LPRA secs. 458c, 458d y 458n. Celebrado el juicio en su fondo, el jurado encontró culpable al señor Valentín Rivera de los cargos imputados. Así pues, el 18 de noviembre de 2014, el Tribunal de Primera Instancia emitió varias Sentencias mediante las cuales le impuso una pena total de diecinueve años y seis meses de reclusión.[1]

---

[1]Del expediente surge que el Sr. Roynell Valentín Rivera (señor Valentín Rivera o peticionario) se encuentra cumpliendo la pena de reclusión impuesta en una institución penal en Ponce.

Inconforme, el señor Valentín Rivera acudió ante el Tribunal de Apelaciones. En síntesis, señaló que el foro primario incidió en lo siguiente: (1) en la apreciación de la prueba; (2) al no darle crédito a la prueba de coartada presentada, y (3) al no aplicar la presunción de que evidencia voluntariamente suprimida resultaría adversa si se ofreciere.

Atendido el recurso de apelación, y sin el beneficio de los alegatos de las partes, el 27 de febrero de 2015, el Tribunal de Apelaciones emitió una Sentencia mediante la cual confirmó los dictámenes recurridos. Fundamentó su decisión en que el señor Valentín Rivera no incluyó ni solicitó prórroga para presentar una exposición estipulada, una exposición narrativa o una transcripción de la prueba oral vertida en el juicio, que le permitiera evaluar la apreciación de la prueba realizada por el foro primario, conforme fue requerido por el peticionario. A tales efectos, determinó que éste incumplió con la Regla 29[2] y la Regla 76[3] del Reglamento del Tribunal de

---

[2] En lo que atañe a la controversia ante nos, la Regla 29 del Reglamento del Tribunal de Apelaciones dispone que:

> (A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de *certiorari* es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, someterá, de conformidad con los requerimientos que más adelante se exponen, uno de los documentos siguientes o una combinación de ellos:

> (1) Transcripción.

> (2) Exposición estipulada.

Apelaciones, 4 LPRA Ap. XXII-B. Indicó que la referida

omisión tuvo la consecuencia de no ponerlo en posición de

revocar los dictámenes recurridos. Consecuentemente,

confirmó las Sentencias apeladas al otorgar deferencia y

presumir como correcta la apreciación de la prueba

realizada por el foro primario.

---

   (3) Exposición narrativa.

   (B) La parte apelante o peticionaria deberá, en
   el término de diez (10) días de la presentación
   de la apelación, acreditar que el método de
   reproducción de la prueba oral que utilizará es
   el que propicie la más rápida dilucidación del
   caso, pudiendo el Tribunal determinar el método
   que alcance esos propósitos. *Véase* 4 LPRA Ap.
   XXII-B, R. 29.

[3]Por su parte, la Regla 76 del Reglamento del
Tribunal de Apelaciones establece, en lo pertinente,
que:

   Una parte en una apelación o en un recurso de
   *certiorari* ante el Tribunal de Apelaciones
   notificará al Tribunal de Apelaciones no más
   tarde de diez (10) días desde que se presentó
   el escrito de apelación o se notificó la
   expedición del auto solicitado que se propone
   transcribir la prueba oral. En esa moción, la
   parte proponente expresará las razones por las
   cuales considera que la transcripción es
   indispensable, y que propicia mayor celeridad
   en los procesos que la presentación de una
   exposición estipulada o una exposición
   narrativa. En todo caso, la parte proponente
   identificará en la moción las porciones
   pertinentes del récord ante el Tribunal de
   Primera Instancia cuya transcripción interesa,
   incluyendo la fecha del testimonio y los
   nombres de los (las) testigos. *Véase* 4 LPRA Ap.
   XXII-B, R. 76.

En desacuerdo, el 27 de marzo de 2015, el señor Valentín Rivera presentó una *Moción de Reconsideración*.[4] En lo pertinente, sostuvo que no abandonó su apelación y que, en todo caso, no procedía la desestimación de su recurso, toda vez que nunca se le notificó la falta de una exposición estipulada, una exposición narrativa o la transcripción de la prueba oral. Adujo que tampoco se le informó y apercibió que su omisión conllevaría la desestimación de su recurso y, por ende, la confirmación de los dictámenes emitidos por el foro primario. Afirmó que el proceder del tribunal era contrario a la firme política pública que promueve que cada ciudadano tenga su día en corte y que los casos se resuelvan en los méritos. Amparado en lo anterior, solicitó que se dejara sin efecto la Sentencia emitida y se le permitiera presentar la transcripción de la prueba en un tiempo razonable. Evaluada la moción presentada por el señor Valentín Rivera, el Tribunal de Apelaciones le concedió un término a la Oficina del Procurador General para que se expresara al respecto.

Oportunamente, la Oficina del Procurador General compareció mediante *Moción en Cumplimiento de Orden*. En síntesis, indicó que las disposiciones reglamentarias

---

[4]En esa misma fecha, el señor Valentín Rivera presentó una *Moción Informando Representación Legal Adicional* ante el Tribunal de Apelaciones. Mediante Resolución emitida el 7 de abril de 2015, ese foro aceptó al Lcdo. Harry N. Padilla Martínez como representante legal adicional del señor Valentín Rivera.

aplicables a los recursos presentados ante los tribunales deben ser observadas con rigurosidad. Ello pues, expresó que no puede quedar al arbitrio de los litigantes decidir cuáles disposiciones acatar y cuáles no. Alegó que el peticionario no presentó prueba o justa causa para el incumplimiento con las aludidas disposiciones del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Asimismo, arguyó que un cambio de representación legal a nivel apelativo no debe ser subterfugio para que se reabra un trámite apelativo en el cual no se observaron las disposiciones reglamentarias aplicables. Ponderados los argumentos de las partes, el 22 de abril de 2015, el foro apelativo intermedio denegó la solicitud de reconsideración presentada.

En disconformidad, el señor Valentín Rivera recurre ante este Tribunal mediante recurso de *certiorari*. En éste, le imputa al Tribunal de Apelaciones incidir al desestimar su recurso de apelación, sin antes notificarle que no había presentado una exposición estipulada, una exposición narrativa o una transcripción de la prueba oral, y sin informarle ni advertirle de la situación y las consecuencias de ese proceder. En su recurso, el peticionario reproduce los argumentos esgrimidos ante el foro apelativo intermedio.

En otras palabras, el señor Valentín Rivera reitera que no abandonó su apelación y que nunca se le notificó su alegado incumplimiento con las referidas reglas del

Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Del mismo modo, enfatiza que el Tribunal de Apelaciones no le informó ni le apercibió que su proceder podría conllevar la desestimación de su recurso y, por ende, la confirmación de los dictámenes del foro primario. Afirma que tampoco se emitió algún requerimiento o sanción menos severa antes de desestimar su recurso y confirmar las Sentencias recurridas. Además, hace hincapié en que el curso de acción seguido por el foro apelativo intermedio trastoca la arraigada política pública que promueve que cada litigante tenga su día en corte y que los casos se ventilen en los méritos. Fundamentado en lo anterior, solicita que revoquemos la determinación emitida por el Tribunal de Apelaciones y ordenemos la continuación del proceso apelativo ante ese foro.

Por su parte, la Oficina del Procurador General también reproduce los argumentos planteados ante el foro apelativo intermedio. Es decir, expresa que las disposiciones reglamentarias aplicables a los recursos que se presentan deben ser observadas con rigurosidad y que se deben cumplir las normas para el perfeccionamiento de éstos. En ese sentido, manifiesta que no puede quedar al arbitrio de los litigantes decidir cuáles disposiciones reglamentarias observar y cuáles no. Alega que el señor Valentín Rivera no presentó justa causa por la cual incumplió con las aludidas disposiciones del

Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

Aunque reconoce que típicamente el Tribunal de Apelaciones emite una orden de mostrar causa o impone sanciones antes de desestimar una apelación en la cual no se ha cumplido con el trámite sobre la prueba oral, la Oficina del Procurador General aduce que ese foro no abusó de su discreción. Esto, ya que plantea que el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, le confiere autoridad para desestimar recursos cuando éstos no se han perfeccionado. Para ello, afirma la Oficina del Procurador General, no se requieren advertencias previas, apercibimientos o sanciones. Finalmente, señala que en vista de que el señor Valentín Rivera privó al Tribunal de Apelaciones de herramientas para evaluar la apreciación de la prueba realizada por el foro primario, no se cometió error al presumir como correcta esa apreciación y, por tanto, confirmar los dictámenes apelados.

Examinado el recurso de *certiorari*, el 30 de octubre de 2015, emitimos una Resolución mediante la cual se expidió el auto. Con el beneficio de la comparecencia de las partes, respetuosamente expongo los fundamentos que me obligan a disentir.

**II**

Aunque en nuestra jurisdicción el derecho a apelar una convicción criminal es de naturaleza estatutaria,

Pueblo v. Rivera Toro, 173 DPR 137, 143 (2008), y su ejercicio depende de que se cumplan ciertas normas legales y disposiciones reglamentarias, opino que ese derecho es fundamental para proteger la vida y la libertad. En ese sentido, los requisitos aplicables al perfeccionamiento de una apelación criminal ante el Tribunal de Apelaciones, que se encuentran contenidos en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003 (Ley de la Judicatura), 4 LPRA sec. 24 *et seq.*, y las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, requieren una interpretación armoniosa que establezca un balance que no ponga en riesgo esas garantías fundamentales.

Ante esas consideraciones, no debemos aplicar aisladamente nuestras expresiones dirigidas a reconocer que las normas legales y disposiciones reglamentarias aplicables a los recursos apelativos deben ser observadas de manera rigurosa. Hernández Maldonado v. Taco Maker, 181 DPR 281, 290 (2011); Pueblo v. Rivera Toro, *supra*, pág. 144; Pellot v. Avon, 160 DPR 125, 134 (2003). Si bien es cierto que la decisión en cuanto a qué preceptos cumplir y acatar no puede quedar al arbitrio de los representantes legales de los litigantes, Hernández Maldonado v. Taco Maker, *supra*, pág. 290; Pueblo v. Rivera Toro, *supra*, pág. 144; Pellot v. Avon, *supra*, pág. 134, las omisiones de éstos no deben pesar más que el

potencial riesgo de la privación ilegal de la libertad de un ser humano. Máxime, cuando el foro apelativo intermedio posee, como veremos, medidas menos drásticas para colocarse en posición de cumplir con su función revisora.

Ciertamente, este Tribunal ha expresado que la inobservancia con las normas y disposiciones reglamentarias aplicables a los recursos apelativos, **de ordinario**, podría conllevar la desestimación. Pueblo v. Rivera Toro, *supra*, pág. 145. Ahora bien, en nuestro ordenamiento rige una vigorosa política pública judicial cuyo interés principal es que las controversias se ventilen en los méritos. Pueblo v. Rivera Toro, *supra*, pág. 145; Datiz v. Hospital Episcopal, 163 DPR 10, 20 (2004); Pueblo v. Rodríguez Ruiz, 157 DPR 288, 295 (2002); Soc. de Gananciales v. García Robles, 142 DPR 241, 245 (1997) (*Per Curiam*).

Como resultado de ese principio cardinal, existe un interés trascendental en que todo litigante tenga su día en corte. Así, por ejemplo, resalta el Art. 4.002 de la Ley de la Judicatura, el cual dicta que "[e]l Tribunal de Apelaciones deberá [...] ofrecer acceso fácil, económico y efectivo a sus procedimientos, eliminando obstáculos y barreras que impidan impartir justicia apelativa a los ciudadanos con reclamos válidos". 4 LPRA sec. 24u. Es por ello que este Tribunal ha sido flexible en la interpretación de las leyes y los reglamentos que

contemplan los requisitos para la presentación de los recursos apelativos. Pueblo v. Rodríguez Ruiz, *supra*, pág. 295. Esto, con el objetivo de propiciar que los casos se atiendan en sus méritos, descartando tecnicismos que resultarían o pudieran resultar en una grave injusticia. Íd.

Estos principios rectores han llevado a este Tribunal a establecer que es necesario realizar un balance entre el deber de los ciudadanos de cumplir con las normas y reglamentos procesales, y el derecho estatutario de éstos a que su caso se revise. Pueblo v. Rivera Toro, *supra*, pág. 145; Román *et als*. v. Román *et als*., 158 DPR 163, 167-168 (2002) (*Per Curiam*); Soc. de Gananciales v. García Robles, *supra*, pág. 245. Adviértase que el producto de ese balance debe asegurar la atención justa, rápida y económica de las controversias que se presentan. Salinas v. SLG Alonso, 160 DPR 647, 655 (2003) (*Per Curiam*); Pueblo v. Rodríguez Ruiz, *supra*, pág. 295; Soc. de Gananciales v. García Robles, *supra*, págs. 245 y 258; *véanse*, además, Regla 1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 1; Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1. A tales efectos, este Tribunal ha hecho hincapié en que, de ordinario, se debe recurrir a la desestimación como último recurso. Pueblo v. Rivera Toro, *supra*, págs. 145-146; Salinas v. SLG Alonso, *supra*, págs. 655 y 656; Román *et als*. v. Román *et als*., *supra*, pág. 167; Soc. de Gananciales v. García Robles, *supra*, pág.

259. En ese sentido, hemos afirmado que "el ejercicio inflexible de esa facultad, exigiendo de forma estricta y automática el cumplimiento de alguna de las disposiciones reglamentarias, podría, en la práctica, convertir los recursos de apelación en recursos discrecionales". Soc. de Gananciales v. García Robles, *supra*, pág. 259.

En lo tocante al mecanismo procesal de la desestimación, es reiterada la norma de que ésta solo prevalece como sanción en situaciones extremas en las cuales quede demostrado, de forma clara e inequívoca, la desatención y el abandono total de la parte con interés, y luego de que otras sanciones hayan probado ser ineficaces. Pueblo v. Rivera Toro, *supra*, pág. 146; Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222 (2001) (*Per Curiam*). De todos modos, la desestimación no procede sin un previo apercibimiento. Pueblo v. Rivera Toro, *supra*, pág. 146; Mun. de Arecibo v. Almac. Yakima, *supra*, pág. 222. En otras palabras, la desestimación solo debe decretarse cuando las medidas menos drásticas no tengan efectos positivos y después de que la parte haya sido informada y apercibida de la situación y sus consecuencias. Pueblo v. Rivera Toro, *supra*, pág. 146; Mun. de Arecibo v. Almac. Yakima, *supra*, pág. 222; Maldonado v. Srio. Rec. Naturales, 113 DPR 494, 498 (1982).

Cabe enfatizar que en el caso Pueblo v. Rivera Toro, *supra*, este Tribunal tuvo ocasión para expresarse

en torno a la desestimación como sanción en casos de apelaciones criminales. Allí, se determinó que si en causas civiles la desestimación debe ser el último recurso para preservar la dignidad y la disciplina en los foros judiciales, más aún debe serlo en el campo criminal en el cual está en juego la reputación y la libertad de un ciudadano. Íd., págs. 146-147. Asimismo, en el precitado caso este Tribunal dejó meridianamente claro que en causas criminales:

> el Tribunal de Apelaciones **debe utilizar medidas menos drásticas que la desestimación** para propiciar que se perfeccionen diligentemente los recursos ante su consideración. Únicamente cuando el incumplimiento de la parte interesada impida que el tribunal pueda atender el caso en los méritos, o cuando el abandono de la apelación por la parte sea tal que **resulten ineficaces las sanciones menos extremas**, se puede proceder a desestimar el recurso, **siempre luego de que [a] la parte se le aperciba e informe de la desestimación y de sus consecuencias.** Íd., pág. 147. (Énfasis suplido).

De otra parte, y en armonía con lo que antecede, es sabido que tanto la Ley de la Judicatura como el Reglamento del Tribunal de Apelaciones facultan a ese foro a imponer sanciones económicas a las partes o a sus representantes legales. Esto es, se autoriza al Tribunal de Apelaciones a imponer la sanción económica que estime adecuada cuando determine que se ha interpuesto un recurso frívolo, o que se presentó para retrasar los procedimientos, o por conducta constitutiva de demora, abandono, obstrucción o falta de diligencia en perjuicio

de la eficiente administración de la justicia. *Véanse* Regla 85 del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 85; Art. 4.008 de la Ley de la Judicatura de 2003, 4 LPRA sec. 25. En el ejercicio de su discreción, el foro apelativo intermedio decretará a favor de quién serán los fondos procedentes de la sanción económica, a saber: una parte, su representante legal o el Estado. *Véanse* Regla 85 del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 85; Art. 4.008 de la Ley de la Judicatura de 2003, 4 LPRA sec. 25; *véase*, además, <u>Pueblo v. Rivera Toro</u>, *supra*, pág. 147.

Bajo el prisma de los fundamentos que anteceden, expongo las razones por las que discrepo del curso de acción seguido por una mayoría de este Tribunal.

**III**

Como vimos, la controversia principal en este caso se centra en determinar si el Tribunal de Apelaciones incidió al confirmar –provocando un efecto similar a una desestimación– los dictámenes emitidos por el foro primario, bajo el fundamento de que el señor Valentín Rivera no incluyó ni solicitó prórroga para presentar una exposición estipulada, una exposición narrativa o una transcripción de la prueba oral vertida en el juicio, que le permitiera examinar el recurso de apelación incoado. El señor Valentín Rivera sostiene que no abandonó su recurso de apelación y que no procedía confirmar, sin

más, al foro primario, sin antes imponerle sanciones menos severas e informarle y apercibirle de la situación y sus consecuencias.

Por su parte, la Oficina del Procurador General aduce, en síntesis, que las disposiciones reglamentarias deben ser observadas con estricta rigurosidad y que no debe quedar al arbitrio del señor Valentín Rivera decidir cuáles normas acatar y cuáles no. Asimismo, señala que éste no presentó justa causa para su inobservancia con las aludidas disposiciones reglamentarias.

Examinadas las posturas de las partes, concluyo que el señalamiento de error expresado por el señor Valentín Rivera tiene mérito. Ello pues, a pesar de la incuestionable falta de diligencia de su representación legal en el proceso apelativo, el Tribunal de Apelaciones nunca le impuso una sanción menos severa por su omisión. Tampoco le informó y apercibió al peticionario de la situación ni de sus consecuencias. Ante esa realidad, el proceder del Tribunal de Apelaciones de confirmar, sin más, el dictamen del foro primario, conlleva graves consecuencias. Máxime, en un caso donde se afecta la libertad de un ciudadano. No puedo avalar tal curso de acción.

En consecuencia, y cónsono con la norma jurídica de que los casos se ventilen en sus méritos y en la discreción que tienen los tribunales de aplicar las normas procesales, considero que el Tribunal de

Apelaciones abusó de su discreción al confirmar los dictámenes recurridos, amparado en que no se cumplieron determinadas disposiciones reglamentarias. Ello, sin antes imponer sanciones menos severas y sin informarle ni advertirle al señor Valentín Rivera de la omisión incurrida por su representación legal y de las consecuencias de tal proceder, conforme lo dictan diáfanamente nuestros reiterados pronunciamientos jurisprudenciales.

Ante el cuadro descrito, considero que procedía ordenar la reinstalación de los procedimientos ante el Tribunal de Apelaciones, e imponer una sanción a la representación legal del señor Valentín Rivera.

## IV

Al amparo de la normativa expuesta, respetuosamente disiento. En su lugar, revocaría la Sentencia emitida por el Tribunal de Apelaciones y, a la luz de los hechos particulares de este caso, le impondría una sanción económica a la representación legal del señor Valentín Rivera.

Luis F. Estrella Martínez
Juez Asociado