Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| DANIEL KHODORKOVSKY<br><br>Apelante<br><br><br>v.<br><br><br>ECO CARIBE RECYCLING, LLC; TOTAL RECYCLING INVESTMENT, LLC; BORIS KATS; LUIS HERNÁNDEZ<br><br>Apelada | KLAN202400612 | Apelación<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br><br>Caso Núm.:<br>D CD2012-3451<br><br><br><br>Sobre:<br>Cobro de Dinero |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de julio de 2024.

El 21 de junio del año en curso, el Sr. Daniel Khodorkovsky (en adelante, el apelante) compareció ante este Tribunal de Apelaciones mediante recurso de *Apelación* en el que nos solicitó la revocación de una Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI o foro primario). Mediante el aludido dictamen, el tribunal desestimó la causa de acción instada contra el Sr. Boris Katz (en adelante, señor Katz).

Según se señala en el escrito de apelación, el pleito de epígrafe trata sobre una reclamación de cobro de dinero presentada por el apelante contra Eco Caribe Recycling, LLC; Total Recycling Investment, LLC; el señor Katz y el Sr. Luis Hernández. Se alega que, durante el trámite del caso, específicamente el 30 de octubre de 2019, el señor Katz presentó una solicitud para que el caso se resuelva sumariamente al amparo de la Regla 36 de Procedimiento Civil. Allí, afirmó que no existía controversia en cuanto al hecho de que la deuda reclamada había sido incurrida por ECO

Número Identificador

SEN2024 _____

Caribe, corporación con personalidad jurídica independiente y separada de la de sus accionistas, por lo que no respondía en su carácter personal.

Así, el apelante indica en su recurso que el 22 de mayo del año en curso, el foro primario emitió la sentencia apelada en la que desestimó la reclamación del apelante contra el señor Katz. Inconforme con tal determinación, el 21 de junio de este año, el apelante instó el recurso de epígrafe atribuyéndole error al TPI al dictar sentencia sumaria, "ya que la respo[n]sabilidad del señor Katz por sus actos como accionista, oficial o director de la corporación debe dirimirse en un juicio". Ese mismo día, mediante escrito independiente, al amparo de la Regla 16(E)(2) de nuestro Reglamento, también solicitó autorización para someter el apéndice de su recurso más adelante.

Atendido el recurso, el 25 de junio de 2024, notificada al día siguiente, emitimos *Resolución* mediante la cual, entre otras cosas, concedimos el término adicional solicitado para someter el Apéndice. En cuanto al plazo solicitado, es meritorio destacar que, en el tercer párrafo de su escrito, la parte apelante manifestó que, conforme a la Regla (E)(2) de nuestro Reglamento, solicitaba autorización para la presentación del apéndice que tal regla requiere dentro de treinta (30) días. El plazo indicado en el cuerpo de la moción es contrario a aquel de **quince días** claramente establecido en el texto de la regla al mencionar la posibilidad de una extensión de tiempo para someter el apéndice. No obstante, notamos que, en la súplica de dicho escrito, solicitó el plazo correcto de quince (15) para someter los documentos.

Habiéndose notificado nuestra *Resolución* el 26 de junio de 2024, la parte apelante contaba hasta el 11 de julio del año en curso para presentar el apéndice que no sometió al someter su recurso de apelación. A esta fecha, y pese a que ha transcurrido tiempo en exceso al originalmente concedido, el apelante no ha dado cumplimiento a la Regla 16(E) de nuestro

Reglamento. Ello pues pese a solicitar y obtener una extensión de tiempo para ello, no ha producido un Apéndice que contenga copia literal de las alegaciones de las partes, de la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y/o de cualquier moción, resolución u orden relevante a la controversia u otro documento que pueda sernos útil para resolverla. Tal falla, incide en nuestra función revisora.

En consideración a todo lo hasta aquí expuesto, en virtud de la Regla 7(B)(5) de nuestro Reglamento, dejamos sin efecto el término que establecimos en nuestra *Resolución* para que la parte apelada se exprese y procedemos a disponer del asunto como a continuación hacemos.

-I-

*A.*

El Reglamento del Tribunal de Apelaciones, en conjunto con las Reglas de Procedimiento Civil y de Procedimiento Criminal, regula el contenido de los recursos que se presentan ante su consideración. Pueblo v. Valentín Rivera, 197 DPR 636 (2017). En cuanto a las apelaciones de sentencias en casos civiles, la Regla 13 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 13, establece que estas serán presentadas dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de una copia de la notificación de la sentencia. Por otro lado, la Regla 16 del aludido Reglamento regula lo concerniente al contenido del recurso de apelación. La misma, establece que el escrito de apelación contendrá, entre otras cosas, **un apéndice**.[1]

*B.*

En hartamente conocido por toda la profesión legal en Puerto Rico que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. Soto Pino v. Uno Radio Group, 189 DPR 84 (2013) y casos allí citados. Los abogados vienen obligados a cumplir fielmente el trámite

---

[1] 4 LPRA Ap. XXII-B, R. 16(E).

prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos apelativos, no pudiendo quedar a su arbitrio qué disposiciones reglamentarias acatar y cuándo hacerlo. *Íd.*

-II-

Como arriba señalamos, el apelante sometió ante este Tribunal de Apelaciones un recurso de apelación mediante el cual nos solicita la revocación de una sentencia dictada en la causa de epígrafe. De igual forma, tal como consignamos, en la misma fecha en que sometió su recurso, en moción aparte solicitó autorización para someter el apéndice del recurso más adelante. El plazo solicitado fue concedido; pese a ello, no lo hizo. Ello causa que su *Recurso de Apelación* incumpla con los requisitos reglamentarios para su perfeccionamiento, que nos impiden ejercer nuestra función revisora. Desconocemos, pues no se nos presentó, una copia de la moción dispositiva sometida por el señor Kats, ni la oposición que frente a ella se haya interpuesto, si alguna. Peor aún, al inicialmente comparecer ante nos, el apelante ni siquiera produjo la *Sentencia* emitida por el foro primario cuya revocación nos solicita de forma tal que podamos siquiera auscultar nuestra jurisdicción.

El inciso (2) de la Regla 16 de nuestro Reglamento nos autoriza a permitir a la parte apelante la presentación de los documentos con posterior a la fecha de la presentación del escrito de apelación. No obstante, tal cual también anuncia el mismo, la omisión de presentarlos puede dar lugar a la desestimación del recurso. El apelante no ha desplegado diligencia para logar el perfeccionamiento de su recurso. Por consiguiente, ante el craso incumplimiento de su parte con las disposiciones de nuestro Reglamento, y según nos autoriza a hacer la Regla 83 de nuestro Reglamento, desestimamos el recurso de epígrafe.

-III-

Por los fundamentos antes esbozados, desestimamos el recurso de apelación de epígrafe por incumplimiento craso con la Regla 16(E) del Reglamento del Tribunal de Apelaciones, *supra*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones