Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Apelado<br><br>v.<br><br>**STEVEN GUTIERREZ RIVERA**<br><br>Apelante | KLAN202300506 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm.:<br>**HSCR202200481-0485**<br><br>Sobre: Art. 95 Asesinato Atenuado |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Candelaria Rosa y el juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece ante nos, Steven Gutiérrez Rivera, en adelante, Gutiérrez Rivera o apelante, solicitando que revisemos la *"Sentencia"* del Tribunal de Primera Instancia, Sala de Humacao, en adelante, TPI-Humacao, del 10 de mayo de 2023. En el dictamen referido, el apelante fue encontrado culpable por varios delitos.

Por los fundamentos que expondremos a continuación, *desestimamos* el recurso por *falta de jurisdicción*.

**I.**

El juicio contra Gutiérrez Rivera se celebró entre los días 23 de enero de 2023 al 10 de marzo d 2023.[2] Según los documentos que obran en autos, el apelante fue declarado culpable y convicto

---

[1] Véase Orden Administrativa OATA-2023-131 del 14 de julio de 2023, donde se designa al Juez Alberto Luis Pérez Ocasio en sustitución de la jueza Laura I. Ortiz Flores.
[2] Transcripción de la prueba oral estipulada.

por el delito de asesinato atenuado;[3] riesgo a la seguridad u orden público al disparar un arma de fuego en un sitio público o abierto al público;[4] disparar o apuntar un arma de fuego, aunque no le ocasione daño a persona alguna;[5] y se le agravaron las penas bajo la Ley de Armas de Puerto Rico de 2020.[6] La *"Sentencia"* en contra de Gutiérrez Rivera recayó el 10 de mayo de 2023.

Inconforme con el resultado, el 9 de junio de 2023, el apelante presenta ante nos un *"Escrito de Apelación"* en el que señaló los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL HONORABLE TRIBUNAL AL DECLARAR CULPABLE Y CONVICTO AL ACUSADO POR INFRACCIÓN AL ART. 95 DEL CÓDIGO PENAL (2012) A BASE DE UNA PRUEBA INSUFICIENTE EN DERECHO AL NO HABERSE PROBADO LA COMISIÓN DEL DELITO MÁS ALLÁ DE DUDA RAZONABLE.
>
> **SEGUNDO ERROR:** ERRÓ EL HONORABLE TRIBUNAL AL DECLARAR CULPABLE Y CONVICTO AL ACUSADO POR DOS INFRACCIONES AL ART. 249 (C) DEL CÓDIGO PENAL (2012) A BASE DE UNA PRUEBA INSUFICIENTE EN DERECHO AL NO HABERSE PROBADO LA COMISIÓN DEL DELITO MÁS ALLÁ DE DUDA RAZONABLE.
>
> **TERCER ERROR:** ERRÓ EL HONORABLE TRIBUNAL AL DECLARAR CULPABLE Y CONVICTO AL ACUSADO POR INFRACCIONES AL ART. 6.14 (A) Y ART. 6.14 (B) DE LA LEY DE ARMAS (2020) A BASE DE UNA PRUEBA INSUFICIENTE EN DERECHO AL NO HABERSE PROBADO LA COMISIÓN DEL DELITO MÁS ALLÁ DE DUDA RAZONABLE.
>
> **CUARTO ERROR:** ERRÓ EL HONORABLE TRIBUNAL AL APLICAR EL AGRAVAMIENTO DE LA PENA CONTENIDO EN EL ART/ 6.01 DE LA LEY DE ARMAS (2020) Y, DE ESTA FORMA, DUPLICAR DE 5 A 10 AÑOS LA PENA EN EL CASO HSCR202200484.

---

[3] Artículo 95 del Código Penal de Puerto Rico, Ley 146-2012, 33 LPRA sec. 5144.
[4] Artículo 249 (C), del Código Penal de Puerto Rico, Ley 146-2012, supra, sec. 5339.
[5] Artículo 6.14 de la Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 466m.
[6] Artículo 6.01 de la Ley de Armas de Puerto Rico de 2020, 25 LPRA sec. 466.

Además del escrito precitado, también presentó una *"Moción Solicitando Relevo de Representación Legal"*. Amparándose en el Canon 21 de Ética Profesional, la representación legal del apelante, por designación de oficio, el Lcdo. Eduardo Ortiz Declet, alegó que existían diferencias insubsanables y que la confianza en la relación abogado-cliente había sido lacerada.

El 28 de junio de 2023, emitimos una *"Resolución"* en la que referimos la solicitud de relevo de representación legal a la Jueza Administradora del TPI-Humacao, para que designara un nuevo abogado de oficio que representara a Gutiérrez Rivera en los procesos apelativos.

El 18 de agosto de 2023, mediante *"Resolución"*, ordenamos al TPI-Humacao a informar en un término de treinta (30) días el estatus de la designación de abogado de oficio para el apelante. Así las cosas, el 12 de septiembre de 2023, la Lcda. Elba Villalba Ojeda radicó una moción informativa ante este Tribunal, en el que anunció su designación como abogada de oficio en el caso de epígrafe. Además, indicó haber recibido el expediente del caso el 7 de septiembre de 2023. Sin embargo, informó que no había podido reunirse con Gutiérrez Rivera, por razón de dos (2) traslados de institución.

Mediante *"Resolución"* del 13 de septiembre de 2023, ordenamos a la Secretaría Regional del TPI-Humacao que regrabara el juicio del caso de marras, y remitiera la misma en un término de diez (10) días a la Secretaría del Tribunal de Apelaciones. Ordenamos, también, a nuestra Secretaría a transcribir la prueba oral, una vez recibida.

Por otro lado, en la precitada *"Resolución"*, estipulamos los términos a seguir, en el proceso apelativo criminal de autos. Indicamos que una vez fuera presentada la transcripción oral, el Procurador General de Puerto Rico debería presentar sus

objeciones en treinta (30) días. Transcurrido dicho término, el apelante tendría treinta (30) días para presentar su alegato. Añadimos que, una vez recibido el alegato del apelante, el Procurador General de Puerto Rico tendría treinta (30) días para presentar su oposición al recurso. Finalmente, advertimos que *"transcurridos los términos aquí dispuestos, el caso se entenderá perfeccionado para la consideración de este Tribunal"*.

El 17 de enero de 2024, recibimos la transcripción del caso solicitada. Por ello, mediante *"Resolución"* del 18 de enero de 2024, ordenamos a las partes a cumplir con los términos dispuestos en la *"Resolución"* del 13 de septiembre de 2023.

Luego de varios trámites procesales, el 20 de mayo de 2024, la representación legal de Gutiérrez Rivera radicó una moción urgente, en la que solicitó sesenta (60) días para presentar el alegato. Mediante *"Resolución"* del 21 de mayo de 2024, concedimos al apelante un *término final* de cuarenta y cinco (45) días para cumplir. Sin embargo, el 9 de julio de 2024, la representación legal del apelante presentó una moción ante nos, en la que ofreció varias excusas por las que no había podido cumplir con el término concedido. Por ello, solicitó catorce (14) días adicionales.

Esas dos (2) semanas transcurrieron, y Gutiérrez Rivera nunca presentó su alegato. Por ello, consideramos el recurso ante nos perfeccionado y procedemos a expresarnos.

**II.**

### A. Apelación

Como es sabido, las Reglas 193 y 194 de Procedimiento Criminal, 34 LPRA Ap. II, R. 193 y 194, disponen que una apelación criminal se formalizará con la presentación de un escrito ante un foro de mayor jerarquía. *Pueblo v. Arlequín Vélez,* 194 DPR

871, 876 (2016); *Pueblo v. Rodríguez Meléndez*, 150 DPR 519, 522 (2000).

Este derecho, tanto en Puerto Rico como en la jurisdicción federal, *es uno de carácter estatutario, no constitucional.* No importa la gravedad de la ofensa, un acusado convicto no tiene un derecho constitucional a apelar su convicción. *Pueblo v. Valentín Rivera*, 197 DPR 636, 638 (2017); *Pueblo v. Esquilín Díaz*, 146 DPR 808, 814 (1998).

A diferencia de los recursos de *certiorari*, las apelaciones proceden como cuestión de derecho, por lo que este Tribunal viene obligado a considerar sus méritos, a menos que carezca de jurisdicción o que la parte promovente incurra en craso incumplimiento con la ley y con las reglas que regulan su perfeccionamiento, falta de diligencia o frivolidad. *Feliberty v. Sociedad de Gananciales*, 147 DPR 834, 837-838 (1999). De manera reiterada, nuestro Tribunal Supremo ha afirmado que la determinación de si se probó, o no, la culpabilidad del acusado a la luz de la referida carga probatoria es revisable en apelación, ello dado a que la apreciación de la prueba desfilada en un juicio es un asunto combinado de hecho y derecho. *Pueblo v. Negrón Ramírez*, 2024 TSPR 41, 213 DPR ___ (2024); *Pueblo v. Irizarry*, 156 DPR 780, 788 (2002).

Ahora bien, el derecho a la revisión judicial por un tribunal de mayor jerarquía no es infalible ni automático, sino que requiere que los recursos sean perfeccionados en la forma y términos provistos para ello. *UGT v. Centro Médico del Turabo*, 208 DPR 944, 957 (2022); *Gran Vista I v. Gutiérrez y otros*, 170 DPR 174, 185 (2007). Por eso, las normas que rigen el perfeccionamiento de los recursos apelativos deben ser acatadas por los promoventes de manera rigurosa y responsable. *UGT v. Centro Médico del Turabo*, supra, pág. 957; *Isleta v. Inversiones Isleta Marina*, 203 DPR 585,

590 (2019); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *DACo v. Servidores Públicos Unidos*, 187 DPR 704, 707 (2013).

A esos efectos, nuestro Alto Foro ha expresado que "[t]odo abogado tiene la obligación y el deber de cumplir a cabalidad y con rigurosidad con los requisitos dispuestos en las leyes y en los reglamentos respecto el perfeccionamiento de los recursos apelativos presentados". *Morán v. Martí*, 165 DPR 356, 363 (2005). También ha expresado que los abogados deben "demostrar celo, cuidado y diligencia en la tramitación de todos los asuntos judiciales". *Pellot v. Avon*, 160 DPR 125, 134 (2003). Nuestro ordenamiento jurídico no permite que los abogados decidan cuales disposiciones reglamentarias son acatadas, y de qué manera lo son. *Matos v. Metropolitan Marble Corp.*, 104 DPR 122, 125 (1975).

### B. Jurisdicción

La jurisdicción de un Tribunal consiste en la autoridad o facultad que tiene para atender y adjudicar una controversia. *R&B Power Inc. v. Junta de Subasta ASG*, 2024 TSPR 24, 213 DPR ___ (2024); *Matos Sostre v. Registradora*, 2023 TSPR 148, 213 DPR ___ (2023); *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372 (2018); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012). Los asuntos relevantes a la jurisdicción requieren prontitud y preferencia en su manejo. *Fuentes Bonilla v. ELA et al.,* supra; pág. 372; *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233–234 (2014); *Muns. Aguada y Aguadilla v. JCA*, 190 DPR 122, 131 (2014); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012). Por eso, es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción, pues "no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez,* supra,

pág. 250, citando a *SLG. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

No empece a esta norma, en nuestro ordenamiento jurídico permea una política judicial que exige que los casos se ventilen en sus méritos y que las partes interesadas tengan su día en corte. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Pueblo v. Valentín Rivera*, supra, pág. 650-651; *Mejías v. Carrasquillo*, 185 DPR 288, 298 (2012); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 874 (2005); *Amaro González v. First Fed. Savs.*, 132 DPR 1042 (1993).

Por su parte, en la práctica apelativa, las partes vienen obligadas a cumplir con las disposiciones legales y reglamentarias aplicables para la tramitación eficaz de sus recursos. *Matos v. Metropolitan Marble Corp.*, supra, pág. 125. Para que estemos en posición de revisar al Foro Primario, la parte que apele de una sentencia final ***tiene la obligación de perfeccionar su recurso***, según lo exige la ley y nuestro Reglamento. *Morán v. Martí*, supra, pág. 363. El incumplimiento reiterado con los requerimientos establecidos en el Reglamento, así como con los mandatos del Foro Intermedio, sirven de fundamento para decretar la desestimación de la causa que considera. *Pueblo v. Valentín Rivera*, supra, pág. 562; *Arriaga Rivera v. F.S.E.*, 145 DPR 122, 129-130 (1998).

Por su severidad y las graves repercusiones que redundan para el promovente de una causa de acción, la desestimación de un recurso apelativo, constituye una sanción de último recurso. *Salinas v. S.L.G. Alonso*, 160 DPR 647 (2003). Por ello, cuando el Foro Intermedio pretende aplicar dicho mecanismo a un recurso sometido a su consideración, debe ponderar su proceder y cerciorarse de que el incumplimiento del apelante ha constituido un impedimento real para el ejercicio efectivo de su función revisora. Previo a la desestimación de un recurso, el Foro Revisor

debe recurrir, primeramente, a medidas menos drásticas, dirigidas al trámite diligente y al perfeccionamiento de este. *Román et als. v. Román et als.*, 158 DPR 163, 167-168 (2002).

Cuando sus esfuerzos para perfeccionar un recurso resulten infructuosos, el Tribunal de Apelaciones puede desestimar *motu proprio* un recurso de apelación. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C). ***La falta de jurisdicción es un defecto que no puede ser subsanado.*** *Lozada Sánchez et al. v. JCA.*, 184 DPR 898, 909 (2012). Nuestro Alto Foro ha expresado que, ante la ausencia de jurisdicción, la única vía en derecho "es así declararlo y desestimar el caso". *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003).

Relativo al caso de autos, la Regla 83 del Reglamento del Tribunal de Apelaciones, supra, dispone que:

> [...]
> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> 1. ***que el Tribunal de Apelaciones carece de jurisdicción;***
> 2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> 3. ***que no se ha presentado o proseguido con diligencia o buena fe;***
> 4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> 5. que el recurso se ha convertido en académico.
> (C) El Tribunal de Apelaciones, ***a iniciativa propia***, podrá desestimar un recurso de apelación, o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.
> [...]
> (Énfasis suplido).

**III.**

El apelante presentó ante esta Curia un escrito, en el que informó su intención de apelar la *"Sentencia"* recaída en su contra el 10 de mayo de 2023. Además, solicitó el relevo de representación legal de oficio, el Lcdo. Ortiz Declet. Poco después, la Lcda. Elba Villalba Ojeda fue designada por el TPI-Humacao como la nueva abogada de oficio de Gutiérrez Rivera.

Como reseñamos, los trámites para la tramitación del recurso fluyeron sin dilación o complicación. Sin embargo, una vez estipulada la transcripción de la prueba oral, la representación legal de Gutiérrez Rivera solicitó dos prórrogas significativas. En primera instancia, solicitó sesenta (60) días adicionales el día 20 de mayo de 2024, de los cuales se le concedieron cuarenta y cinco (45). Ese término vencía el 8 de julio de 2024. Llegada la fecha sin cumplir con lo ordenado, el 9 de julio de 2024, la Lcda. Elba Villalba Ojeda solicitó catorce (14) días adicionales.

Esas últimas dos (2) semanas solicitadas vencían el 23 de julio de 2024, y llegada esa fecha, este Tribunal no recibió el alegato del promovente. Sin embargo, la transcripción de la prueba oral quedó estipulada el 20 de febrero de 2024, y esa fecha marcó el comienzo de los treinta (30) días que el apelante tenía para presentar su alegato. De esa fecha han pasado *más de cuatro (4) meses*.

En nuestra *"Resolución"* del 13 de septiembre de 2023, ***advertimos a las partes que, transcurridos los términos señalados para el perfeccionamiento del recurso, entenderíamos el mismo listo para ser adjudicado.***

Ahora bien, reconocemos que, conforme a la normativa previamente esbozada, este Tribunal debe recurrir a medidas menos drásticas antes de desestimar un recurso apelativo. Si la dificultad yace en los trámites del apelante para el

perfeccionamiento de su recurso, este Foro está llamado a considerar si el incumplimiento del promovente ha constituido un impedimento real para el ejercicio efectivo de su función revisora. Por eso, reconocemos que la desestimación, en estos casos, debe ser la última alternativa a considerar.

Sin embargo, ha pasado más de un mes desde que la Lcda. Elba Villalba Ojeda solicitó la *última prórroga*. Además de no haber presentado el alegato, tampoco ha comparecido nuevamente para explicar el reiterado incumplimiento. Ante este cuadro fáctico, no nos queda más remedio que considerar lo que obra en autos. Lamentablemente, aquello que se desprende del expediente, no es suficiente para entender el recurso perfeccionado, ni considerarnos en posición para adjudicar la controversia.

**IV.**

Por los fundamentos que anteceden, *desestimamos el recurso ante nos por falta de jurisdicción por falta de perfeccionamiento*.

Disponemos, además, que el Secretario del Departamento de Corrección y Rehabilitación, deberá entregar copia de esta determinación al apelante, en el Complejo Correccional de Ponce o en la institución penal donde se encuentre.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones