Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| STEPHANIE M. ECHEVARRÍA<br><br>Recurrida | | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de Ponce |
| v. | KLCE202400319 | Caso Núm. OPA-2024-041134, JAOP2024-0002 |
| EDWIN ALVARADO PAGÁN<br><br>Peticionario | | Sobre:<br>Ley para la Prevención e Intervención con la Violencia Doméstica (Ley 54 de 15 de agosto de 1989, según enmendada) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de abril de 2024.

Comparece el Sr. Edwin Alvarado Pagán (señor Alvarado Pagán o peticionario) y solicita que revoquemos una *Resolución* emitida el 21 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Municipal de Ponce (TPI), notificada y archivada en autos ese mismo día.[1] Mediante el referido dictamen, el foro primario declaró no ha lugar la *Moción en Solicitud de Orden* presentada por el señor Alvarado Pagán para que el Negociado de la Policía de Puerto Rico (Negociado) le devolviese inmediatamente su licencia de armas, la cual fue ocupada, al igual que su pistola, por motivo de la expedición de una *Orden de Protección Ex Parte* solicitada en su contra por parte de Stephanie M. Echavarría (señora Echavarría o recurrida), a tenor con el Artículo 2.5 de la *Ley para la Prevención e Intervención con la*

---

[1] Apéndice de la Petición de *Certiorari*, Anejo 4, págs. 13-16.

*Violencia Domestica*, Ley Núm. 54 del 15 de agosto de 1989 (*Ley Núm. 54-1989*), según enmendada, 8 LPRA sec. 625.[2] De igual manera, mediante el aludido dictamen el foro primario ordenó al Negociado a comenzar un proceso administrativo investigativo para la devolución de la licencia de armas y/o municiones del peticionario, luego de que el señor Alvarado Pagán radique su petición ante el Negociado.

Por las razones que expondremos a continuación, desestimamos el recurso por falta de jurisdicción. Veamos el tracto procesal y las normas jurídicas que sostienen nuestra determinación.

-I-

El caso ante nuestra consideración tiene su génesis el 2 de enero de 2024 cuando el TPI, a tenor con el Artículo 2.5 de la Ley Núm. 54-1989, *supra*, sec. 625, expidió una *Orden de Protección Ex Parte*, notificada y archivada en autos ese mismo día, a favor de la señora Echavarría y en contra del señor Alvarado Pagán, con vigencia desde el 2 de enero de 2024 hasta el 18 de enero de 2024, por existir un riesgo de seguridad para la recurrida.[3] Lo anterior, a consecuencia de un incidente que surgió entre la recurrida y el peticionario el 1 de enero de 2024. Específicamente, las partes sostuvieron una discusión por falta de relaciones paternofiliales. Durante el incidente, el señor Alvarado Pagán trató de impedir que ella contestara una llamada y se desembocó un forcejeo con el celular. Posteriormente, la recurrida le dio al señor Alvarado Pagán en un hombro "como reflejo", este se enojó, tomó un traje de la señora Echavarría, lo arrastró por el piso, lo llevó a la orilla del mar y se marchó del lugar.[4]

Como parte del trámite de la referida *Orden de Protección Ex Parte*, el TPI también pautó la vista en sus méritos para el 18 de enero de 2024.[5] En dicha fecha, el foro primario expidió una *Resolución*,

---

[2] *Íd.*, Anejo 3, págs. 10-12; *Íd.*, Anejo 1, págs. 1-7.
[3] *Íd.*, Anejo 1, págs. 1-7.
[4] *Íd.*, pág. 4.
[5] *Íd.*, pág. 5.

notificada y archivada en autos ese mismo día, por la cual denegó la solicitud de la orden de protección porque a su entender no se configuraron los elementos constitutivos de violencia doméstica, a tenor con la Ley Núm. 54-1989, *supra*, secs. 601 *et seq.*[6]

El 15 de febrero de 2024, el señor Alvarado Pagán presentó una *Moción en Solicitud de Orden* mediante la cual solicitó del foro *a quo* que ordenara al Negociado a devolverle su licencia de armas inmediatamente.[7] Lo anterior, pues, al emitirse la aludida *Orden de Protección Ex Parte*, el Negociado le ocupó al señor Alvarado Pagán la licencia de armas número 187504 y una pistola marca Sig Sauer, modelo P365, calibre 9mm, serie 66B269802, con su abastecedor y municiones.

No obstante, el 21 de febrero de 2024, el TPI emitió una *Resolución*, notificada y archivada en autos ese mismo día, mediante la cual declaró no ha lugar la *Moción en Solicitud de Orden*.[8] Fundamentó su dictamen en que la Ley Núm. 54-1989, *supra*, no ordena al tribunal a devolver el arma incautada ante la conclusión de una orden de protección. Además, según *Rolón Martínez v. Sute. Policía*, 201 DPR 26 (2018), la Policía está facultada para determinar cuándo es necesario revocar las licencias de armas como medida preventiva. Así las cosas, el foro primario le informó al Negociado que la orden de protección que ordenó la incautación de la licencia de armas y/o municiones ya no está en vigencia. Consiguientemente, ordenó al Negociado a comenzar el proceso administrativo investigativo para la devolución de la licencia de armas, arma y municiones del señor Alvarado Pagán, luego de que el señor Alvarado Pagán presente su petición ante el Negociado.

---

[6] *Íd.*, Anejo 2, págs. 8-9.
[7] *Íd.*, Anejo 3, págs. 10-12.
[8] *Íd.*, Anejo 4, págs. 13-16.

Inconforme, el 14 de marzo de 2024, el peticionario acudió ante nos mediante el presente recurso de *certiorari*, en el cual le atribuyó al TPI la comisión del siguiente error:

> **Erró el TPI al declarar No Ha Lugar la solicitud de devolución de licencia de armas, refiriendo el asunto a un trámite administrativo, cuando la jurisdicción y competencia para tal solicitud corresponde al Tribunal.**

En síntesis, el peticionario plantea que procede revocar la *Resolución* recurrida y ordenar la devolución de su licencia de armas y su arma de fuego de forma inmediata. Lo anterior, pues, si el foro primario emitió una orden para ocupar su licencia, también se requiere que el mismo TPI emita una orden para devolver la misma. También sostuvo que este Tribunal ha determinado que la autoridad de atender una solicitud de devolución de licencia de armas recae en el TPI y no en el Negociado.[9]

Así las cosas, el 18 de marzo de 2024 emitimos una *Resolución* por la cual le concedimos a la recurrida y a la Oficina del Procurador General de Puerto Rico (Oficina del Procurador) un plazo de diez (10) días para expresarse sobre los méritos del recurso.

El 1 de abril de 2024 la Oficina del Procurador compareció, en representación del Pueblo de Puerto Rico, y alegó, en síntesis, que el TPI, a tenor con el Artículo 2.1 de la Ley Núm. 54-1989, supra, sec. 621, y lo resuelto por un Panel Hermano de este Tribunal en *Moreno Irizarry v. Medina Rivera*, *supra*, es el ente con jurisdicción y competencia para atender la petición sobre la devolución de la licencia y del arma de fuego del peticionario, aunque no de forma inmediata. Lo anterior, pues, la devolución solo procede luego de que el Negociado revise y certifique que no existe impedimento para devolver la licencia y el arma ocupadas, conforme a *Freire Díaz v. Aponte Porrata*,

---

[9] Véase, *Moreno Irizarry v. Medina Rivera*, KLCE202200024 (TA PR 28 de febrero de 2022); *Álvarez Santos v. Martell Ruiz*, KLCE201101434 (TA PR 30 de noviembre de 2011); *Flores Rolón v. González Pérez*, KLCE201500420 (TA PR 12 de mayo de 2015).

KLCE202200635 (TA PR 15 de noviembre de 2022) y *Santiago Mercado v. Fernández Obret*, KLCE202201046 (TA PR 28 de octubre de 2022).

**-II-**

**-A-**

La jurisdicción es el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135 (2023); véase, además, *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *MCS Advantage, Inc. v. Fossas Blanco, supra*, pág. 600; véase, además, *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012).

Nuestro máximo foro ha resuelto que los asuntos relacionados a la jurisdicción son privilegiados y se deben atender primero. *Allied Management Group, Inc. v. Oriental Bank, supra*, pág. 386. Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. Íd. Asimismo, la falta de jurisdicción conlleva serias consecuencias: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018) (citando a *Lozada Sánchez v. JCA*, 184 DPR 898, 909 (2012)). Es por ello que los foros adjudicativos deben examinar no solo su propia jurisdicción sino también la del foro

inferior. Íd., pág. 387. Igualmente, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. Íd., págs. 386-387; véase, además, la Regla 83(B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 83.

**-B-**

Es norma conocida que "las disposiciones reglamentarias que gobiernan los recursos que se presentan ante el Tribunal de Apelaciones deben observarse rigurosamente" para así poder colocar al foro apelativo en posición de poder revisar al foro *a quo*. *Pueblo v. Pérez Delgado*, 211 DPR 654, 671-672 (2023); véase, además, *Pueblo v. Valentín Rivera*, 197 DPR 636, 641 (2017); *Hernández Maldonado v. Taco Maker*, 181 DPR 281, (2011); *Morán v. Martí*, 165 DPR 356, 367 (2005). En esa misma línea, el derecho de las partes a recurrir a un tribunal de mayor jerarquía para la revisión de las determinaciones emitidas por los tribunales de primera instancia no es automático, sino que presupone una notificación, un diligenciamiento y un perfeccionamiento de los recursos dentro de los términos provistos para ello. *Unión General de Trabajadores v. Centro Médico del Turabo, Inc.*, 208 DPR 944, 957 (2022); véase, además, *Gran Vista I v. Gutiérrez y Otros*, 170 DPR 174, 185 (2007); *Morán v. Martí, supra*, pág. 367.

Uno de los requisitos para el perfeccionamiento del recurso apelativo es la "presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones y su notificación a las partes[, pues] [a]mbos inciden en la jurisdicción del tribunal". *Pérez Soto v. Cantera Pérez, Inc.*, 188 DPR 98, 105 (2013). "Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado". *Morán v. Martí, supra*, pág. 367. Asimismo, la falta de jurisdicción es insubsanable. *MCS Advantage, Inc. v. Fossas Blanco, supra*; véase,

además, *JMG Investment, Inc. v. Estado Libre Asociado de Puerto Rico*, 203 DPR 708, 714 (2019).

En lo aquí pertinente, la Regla 33 del Reglamento de este Tribunal, *supra*, R. 33, establece que:

*Regla 33 — Presentación y notificación*

(A)     Manera de presentarlo

. . . .

(B) Notificación del recurso a las partes

**La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, <u>a los abogados o abogadas de récord, o en su defecto, a las partes, así como al Procurador General o Procuradora General</u>, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto.** Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, o a las partes, cuando no estuvieren representadas por abogado o abogada, a la dirección postal que surja del último escrito que conste en el expediente del caso. Cuando del expediente no surja una dirección, de estar la parte representada por abogado o abogada, la notificación se hará a la dirección que de éste o ésta surja del registro que a esos efectos lleve el Secretario o Secretaria del Tribunal Supremo. La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari*. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a éstos o éstas, o a cualquier persona a cargo de la oficina. De no estar la parte representada por abogado o abogada, se entregará en el domicilio o dirección de la parte o de las partes, según ésta surja de los autos, a cualquier persona de edad responsable que se encuentre en la misma. En caso de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento, lo que se hará dentro de las próximas cuarenta y ocho horas. El término aquí dispuesto será de cumplimiento estricto.

La notificación podrá efectuarse por los otros medios, en la forma y bajo los requisitos dispuestos en la Regla 13(B) de este Reglamento. (Subrayado y énfasis suplidos).

Nuestro máximo foro ha reiterado que, si no se les notifica a las partes oportunamente, ello conlleva la desestimación del recurso de

apelación. *González Pagán v. Moret Guevara*, 202 DPR 1062, 1071 (2019); véase, además, *Pérez Soto v. Cantera Pérez, Inc.*, *supra*, pág. 105. Consiguientemente, "[e]l recurso que no se notifica a todas las partes, priva de jurisdicción al Tribunal para ejercer su facultad revisora". *González Pagán v. Moret Guevara, supra*, págs. 1071-1072.

Por otro lado, es norma conocida que las partes cuentan con un término escrito de treinta (30) días para presentar el recurso de *certiorari* ante nos, a tenor con la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2. Igualmente, un término de cumplimiento estricto puede ser prorrogado por los tribunales. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92 (2013). Para ello, por lo general, se requiere que la parte solicite prórroga o presente justa causa por la cual puede o no pudo cumplir con el término, si actúa fuera de dicho término. Íd. Asimismo, la acreditación de justa causa "se hace con explicaciones concretas y particulares —debidamente evidenciadas en el escrito— que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o demora. Las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa". *Febles v. Romar*, 159 DPR 714, 720 (2003).

**-III-**

En el caso ante nuestra consideración, el peticionario presentó un *Certiorari* el 14 de marzo de 2024. Fundamentó su solicitud en que no se puede proveer una facultad al Negociado para evaluar si procede o no devolverle al señor Alvarado Pagán la licencia de armas y el arma de fuego en situaciones como la suya. Apoyó su argumento en el hecho de que la Ley Núm. 168-2019, *supra*, ni el *Reglamento para la Administración de la Ley de Armas de Puerto Rico de 2020*, *supra*, establecen procedimientos administrativos ante el Negociado en casos donde se ocupan y revocan las licencias de armas por parte del Negociado. Además, el peticionario sostuvo que el Negociado no posee facultades legislativas, carece de jueces administrativos, en todo caso

el Negociado pudiese realizar un *background check*, y en varios casos resueltos por este Tribunal se resolvieron controversias relacionadas a la competencia del tribunal para ordenar la devolución de la licencia de armas y el arma ocupados por motivo de las solicitudes de orden de protección.[10] Finalmente, alegó que, como no se configuraron los elementos de violencia doméstica, según se desprende de la *Resolución* recurrida, no hay razón para no ordenar la devolución de la licencia y arma.

Inconforme, el peticionario acudió en revisión ante nos.

Tras un minucioso análisis de la normativa relevante y los hechos particulares, así como la totalidad del expediente de este caso, estamos obligados a desestimar el auto de *certiorari* por falta de jurisdicción, a tenor con la Regla 83 (B) y (C) del Reglamento de este Tribunal, *supra*.

El peticionario, en su recurso de *certiorari*, expresó lo siguiente: "**No se notifica copia del escrito a la peticionaria-recurrida, Stephanie M. Echevarría, por no incluirse dirección de ella en las notificaciones del TPI. El abogado suscribiente no fue representante legal del compareciente en la vista ante el TPI**".[11] Según se desprende de la Regla 33(B) del Reglamento de este Tribunal, *supra*, el representante legal del señor Alvarado Pagán tenía que notificarle "a las partes, así como al Procurador General o [la] Procuradora General" la solicitud de *certiorari* dentro del término estricto de treinta (30) días para presentar el recurso de *certiorari*. Sin embargo, el abogado del peticionario descansó en el hecho de que las notificaciones del TPI no incluyeron la dirección de la recurrida. Ello, a pesar de que las normas que rigen el perfeccionamiento de los recursos ante nos deben observarse rigurosamente. Lo cierto es que

---

[10] Véase, *Moreno Irizarry v. Medina Rivera, supra*; *Álvarez Santos v. Martell Ruiz, supra*; *Flores Rolón v. González Pérez, supra*.

[11] Recurso de *Certiorari*, pág. 8, nota al calce 1 (Énfasis en el original).

en el caso que nos ocupa el representante legal del peticionario tenía el deber realizar las diligencias necesarias para obtener la dirección de la representación legal de la recurrida, y notificarle de la presentación del recurso. Ello, pues según se desprende de la *Resolución Denegando Orden de Protección* la recurrida compareció a la vista celebrada ante el foro primario con su representante legal.[12] El no realizar esa sencilla indagación, y por tanto, obviarse la notificación del recurso, tuvo el efecto de que la señora Echevarría, parte que solicitó la orden de protección ante el foro primario, no fue avisada de la presentación del asunto ante nuestra consideración, por lo que ésta no fue puesta en posición de acudir ante nos para presentar su posición sobre los méritos de lo solicitado por el aquí peticionario.

En vista de lo anterior, y ante el admitido incumplimiento con las disposiciones reglamentarias atinentes para el perfeccionamiento del recurso de *certiorari*, este Tribunal carece de jurisdicción sobre el asunto de epígrafe, por lo que procede la desestimación del recurso.

**-IV-**

Por los fundamentos expuestos, se desestima el recurso de *certiorari* presentado por el peticionario por falta de jurisdicción.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Véase, Apéndice de la Petición de *Certiorari*, Anejo 2, pág. 8.