ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL III

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Apelado<br><br>v.<br><br>JOSÉ RAFAEL JIMÉNEZ ECHEVARRÍA<br><br>Apelante | KLAN202400262 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Criminal Núms.:<br>D VI2018G0051 al D VI2018G0053<br>D LA2018G0221 – D LA2018G0222<br><br>Sobre:<br>Art. 93 A y D Código Penal (1er grado)(2012)(3cs)<br>Art. 5.15 y Art. 5.04 Ley 404 (2000) |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Bonilla Ortiz, la jueza Mateu Meléndez y la jueza Prats Palerm

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 30 de septiembre de 2024.

Comparece el señor José Rafael Jiménez Echevarría, en adelante el señor Echevarría o el apelante, quien solicita que revoquemos las sentencias dictadas el 15 de febrero de 2024. En lo aquí pertinente, un panel de jurados, de forma unánime, emitió veredictos de culpabilidad y el Tribunal de Primera Instancia, Sala de Bayamón, en adelante TPI, dictó *Sentencia* por violaciones a los Artículos 93 del Código Penal de Puerto Rico de 2012 y 5.04 y 5.15 de la *Ley de Armas de Puerto Rico*, en adelante Ley Núm. 404-2000.

Por los fundamentos que expondremos a continuación, se confirman las sentencias apeladas.

**-I-**

Surge del expediente que, el **18 de marzo de 2024**, el señor Jiménez presentó un *Recurso de Apelación Criminal* en el que alegó que el TPI cometió los siguientes errores:

> ERRÓ EL PANEL DE JURADOS AL EMITIR UN FALLO DE CULPABILIDAD ANTE UNA PRUEBA CONTRADICTORIA, INSUFICIENTE EN DERECHO Y CARENTE DE CRÉDITO, QUE NO DERROTÓ LA PRESUNCIÓN DE INOCENCIA DEL PETICIONARIO. EL TESTIGO COOPERADOR EN EL CASO BRIND[Ó] UN TESTIMONIO EVASIVO, LLENO DE LAGUNAS, CONTRADICCIONES Y AHOGADO CON EL CONSTANTE NO RECUERDO.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA COMO CUESTIÓN DE DERECHO AL DECLARAR NO HA LUGAR UNA MOCIÓN DE ABSOLUCIÓN PERENTORIA. EL ESTADO NO ESTABLECIÓ EN MOMENTO ALGUNO UN PLAN, DESIGNIO, O INTENCIÓN DELIBERADA DE MATAR, A LOS TRES OCCISOS DEL CASO. EN RELACIÓN CON EL APELANTE LA PRUEBA LO QUE DEMOSTRÓ FUE, SU MERA PRESENCIA EN LOS HECHOS. NUNCA TUVO UN ARMA DE FUEGO EN SUS MANOS Y NUNCA LE DISPARÓ A NADIE, EN LOS HECHOS.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DUPLICAR LAS PENAS POR INFRINGIR LA LEY DE ARMAS, PUES LA IMPOSICIÓN DE UNA PENA DUPLICADA AL PALIO DEL ARTÍCULO 7.03 DE LA LEY DE ARMAS ES INCONSTITUCIONAL ATENDIENDO LOS RESULTADOS DE *PUEBLO V. VICMAEL COLON*, 2023 TSPR 71, *PUEBLO V. NIEVES CABAN,* 2019 TSPR 33 Y LA DOCTRINA FEDERAL *DE CUNNINGHAM V. CALIFORNIA,* 549 U.S. 270(2007).

Para comenzar, el apelante incumplió con la Regla 29 del Reglamento del Tribunal de Apelaciones.[1] **Esto es así porque, aunque los primeros dos señalamientos de error impugnan la apreciación de la prueba oral por parte del Tribunal de Primera Instancia, no acreditó que el método de reproducción de la prueba oral que utilizaría es el que propicia la más rápida dilucidación del caso.**

Así las cosas, **37 días después** de presentado el recurso, es decir, el **24 de abril de 2024**, este tribunal, conforme la Regla 28(A) del Reglamento del Tribunal de Apelaciones, *supra*, le concedió al

---

[1] 4 LPRA Ap. XXII-B.

apelante un término de 30 días para presentar su alegato.

Es en dicho contexto, que el **2 de mayo de 2024, es decir, 45 días después** de presentado el recurso, el señor Echevarría presentó una *Moción Solicitando Reconsideración y Término Presentar [sic.] Exposición Narrativa [sic.] Prueba*. **En esta ocasión, por primera vez atiende el tema de la reproducción de la prueba oral.** En su escrito **alegó, <u>sin proveer fundamento para ello</u>, que su cliente era indigente y que lo estaba representando** "sin cobrar honorarios de abogado". **Además, <u>unilateralmente y sin justificar que dicho método es el que propicia la más rápida dilucidación del caso, "determinó que utilizará una exposición narrativa de la prueba oral</u>".**

Como dato curioso destacamos que, sin haber obtenido la regrabación de los procedimientos, le representó a este tribunal que: "[h]emos reproducido el testimonio de los primeros tres testigos del caso, de sobre veinte que declararon en este largo proceso". Finalmente, solicitó que reconsideráramos nuestra determinación y que le concediéramos un término de 60 días, contados a partir de la entrega de la regrabación, para preparar la exposición narrativa de la prueba.

El 4 de junio de 2024 declaramos no ha lugar la solicitud del apelante de presentar como método de reproducción de la prueba oral una exposición narrativa. En cambio, **en el ejercicio de nuestra discreción**, ordenamos que el método de la prueba oral a emplearse en el presente caso sería la transcripción de la prueba. En consecuencia, le concedimos a la parte

apelante un término a vencer el **8 de julio de 2024,** para que preparara una transcripción de la prueba oral sobre los procedimientos. Esta fecha tomó en cuenta que el **23 de mayo de 2024** la Coordinadora Alterna de Grabación notificó a la representación legal del apelante una *Moción Informando Honorarios y Materiales* y **a 12 días de la notificación de dicho escrito, el apelante no había consignado los honorarios correspondientes, ni había provisto los medios de almacenaje requeridos.**

**Apercibimos al apelante que, de incumplir con la orden previamente expuesta, se le concedería un término de 30 días, contados a partir del 8 de julio de 2024, para presentar su alegato, que se limitaría a discutir el tercer señalamiento de error que levanta solamente un planteamiento de derecho.**

**El apelante incumplió con nuestra Orden.** Por tal razón, y tal como intimamos, le concedimos un término de 30 días o hasta el **7 de agosto de 2024,** para presentar su alegato, con la condición de que **se limitara a discutir el tercer señalamiento de error,** en el que se plantea una controversia de derecho.

Oportunamente, el señor Jiménez presentó un *Alegato del Apelante según Permitido.*

Por su parte, el Estado presentó el *Alegato del Pueblo de Puerto Rico.*

Examinados los escritos de las partes, el expediente y la prueba documental, estamos en posición de resolver.

**-II-**

**A.**

El trámite para la reproducción de la prueba oral en apelaciones y *certiorari* criminales está regulado por el Reglamento del Tribunal de Apelaciones. Las disposiciones en cuanto a los documentos y el término para acreditar el método de la reproducción de la prueba oral se rigen por lo establecido en la Regla 29, a saber:

> (A) Cuando la parte apelante o peticionaria estime que para resolver una apelación o un recurso de *certiorari* es necesario que el Tribunal de Apelaciones considere alguna porción de la prueba oral presentada ante el Tribunal de Primera Instancia, someterá, en conformidad con los requerimientos que más adelante se exponen, uno de los documentos siguientes o una combinación de ellos:
>
> > (1) transcripción
> > (2) exposición estipulada
> > (3) exposición narrativa.
>
> (B) **La parte apelante o peticionaria deberá, en el término de diez días de la presentación de la Apelación, acreditar que el método de reproducción de la prueba oral que utilizará es el que propicie la más rápida dilucidación del caso, pudiendo el tribunal determinar el método que alcance esos propósitos.**
>
> (C) Transcripción, exposición estipulada, exposición narrativa de la prueba
>
> La reproducción de la prueba oral mediante transcripción se hará conforme las disposiciones de la Regla 76 y cuando fuere mediante exposición estipulada o exposición narrativa, conforme las disposiciones de la Regla 76.1.[2]

En cuanto a los requisitos para presentar una transcripción de la prueba oral, nuestro reglamento dispone lo siguiente:

> (A) Transcripción de la prueba oral en recursos de apelación y de *certiorari*
>
> **Una parte en una apelación o en un recurso de *certiorari* ante el Tribunal de Apelaciones notificará al Tribunal de**

---

[2] Regla 29 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 29. (Énfasis suplido).

> Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se notificó la expedición del auto solicitado, que se propone transcribir la prueba oral. **En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa.** En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.[3]

Una vez se autoriza el método de reproducción de la prueba oral, el precepto establece que el "proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. **La moción a esos efectos será presentada dentro de los diez días siguientes a la notificación de la orden del Tribunal de Apelaciones**".[4]

Al respecto, el Tribunal Supremo de Puerto Rico, en adelante TSPR, ha sostenido consistentemente que quien acude al Tribunal de Apelaciones por alegados errores en la apreciación de la prueba, debe cumplir con la normativa previamente expuesta, de modo que "el recurso qued[e] perfeccionado de forma tal que el foro apelativo intermedio… quede en posición de adjudicar en los méritos las controversias planteadas ante sí".[5]

Ahora bien, debido a que las determinaciones de los foros primarios están revestidas de una presunción de corrección, "**[e]s imprescindible que se traiga a la consideración del foro revisor la transcripción de la vista celebrada o una exposición narrativa de la**

---

[3] *Id.*, 4 LPRA Ap. XXII-B, R. 76. (Énfasis suplido).
[4] *Id.* (Énfasis suplido).
[5] *Pueblo v. Valentín Rivera*, 197 DPR 636, 640-641 (2017).

**prueba**".[6] De lo contrario, los tribunales apelativos no tienen forma de evaluar la evidencia vertida para ejercer adecuada y responsablemente su función revisora; por consiguiente **"no deben intervenir con la apreciación de la prueba oral"**, es decir, debe prevalecer "la norma de deferencia y presunción de corrección sobre las determinaciones del tribunal primario".[7]

### B.

Por otra parte, en cuanto al agravamiento de las penas, el Art. 7.03 de la Ley Núm. 404-2000, *supra*, vigente al momento en que ocurrieron los hechos, dispone:

> [t]odas las penas de reclusión que se impongan bajo esta Ley serán cumplidas consecutivamente entre sí y consecutivamente con las impuestas bajo cualquier otra ley. Además, si la persona hubiere sido convicta anteriormente por cualquier violación a esta Ley o por cualquiera de los delitos especificados en el Artículo 2.11 de esta Ley o usare un arma en la comisión de cualquier delito y como resultado de tal violación alguna persona sufriera daño físico o mental, la pena establecida para el delito se duplicará. Toda violación a esta Ley en una zona escolar o universitaria según definida en el Artículo 1.02, conllevará el doble de la pena establecida.[8]

Con respecto a la aplicabilidad del precitado artículo, el TSPR ha interpretado que "la *pena que dicho precepto autoriza duplicar es la pena dispuesta para el delito imputado una vez considerados los posibles agravantes y atenuantes"* **o** "cuando existan daños a terceros por el uso ilegal de un arma".[9]

---

[6] *Pueblo v. Pérez Delgado,* 211 DPR 654, 674 (2023) (citando a *Graciani Rodríguez v. Garage Isla Verde LLC*, 202 DPR 117 (2019)). (Énfasis en el original).
[7] *Id.* págs. 674 y 685. (Énfasis en el original y citas suprimidas).
[8] Art. 7.03 de la Ley Núm. 404-2000 (25 LPRA sec. 460b). (Derogada).
[9] *Pueblo v. Concepción Guerra*, 194 DPR 291, 311 y 313 (2015). (Énfasis suplido).

**-III-**

Debemos destacar que el alegato del apelante incumple con varias disposiciones de nuestro Reglamento. Así pues, no contiene en el orden establecido, las citas de las disposiciones legales que establecen nuestra jurisdicción y competencia,[10] una relación fiel y concisa de los hechos del caso, ni el señalamiento de error[11]. Además, sin autorización de este Tribunal Intermedio, el apelante excedió el número de páginas que dispone el Reglamento de este foro.[12]

Pero hay más.

Contrario a nuestra *Orden* de 9 de julio de 2024, el apelante incluyó solapadamente una exposición narrativa de la prueba. Este evento no puede pasar por desapercibido por este Tribunal. En consideración a lo anterior, ordenamos a la Secretaria del Tribunal de Apelaciones el desglose de las páginas 4-17 y 27-29 del *Alegato del Apelante según Permitido*.

Corresponde ahora, considerar el único señalamiento de error que determinamos adjudicar.

El apelante alega que como existe un derecho individual a portar armas consagrado en la decimocuarta enmienda de la Constitución de los Estados Unidos, no procedía la duplicidad de las penas. Sostuvo, además, que debido a que el ministerio público no presentó una moción de agravantes y el jurado no aprobó ni adjudicó esos agravantes más allá de duda razonable, no procedía aplicar la duplicidad

---

[10] Regla 28(C)(1)(b) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[11] 4 LPRA Ap. XXII-B, R. 28(C)(1)(d) y (f).
[12] 4 LPRA Ap. XXII-B, R. 28(D).

de la pena y "el castigo justo que merecía el convicto eran las penas fijas dispuestas en el estatuto".

En cambio, el Estado aduce que poseer armas de fuego no es un derecho irrestricto, por lo que se puede limitar esta garantía constitucional cuando se prueba que el individuo, como ocurrió con el señor Jiménez, portaba un arma de fuego sin tener autoridad para ello.

Por otro lado, aunque admite que el Ministerio Público no presentó una moción para agravar la pena, "la circunstancia fáctica que activa el agravamiento de la pena sí fue imputada en las acusaciones por los Artículos 5.04 y 5.15 de la Ley de Armas, *supra*. Particularmente, cuando se alegó que apuntó y disparó contra tres personas que resultaron asesinadas". Por lo tanto, el Estado afirma que el apelante fue notificado de las acusaciones en su contra y tuvo la oportunidad de defenderse.

Peor aún, el jurado consideró probados más allá de duda razonable que el señor Jiménez cometió el delito de apuntar y disparar contra tres personas. En su opinión, ante la configuración fáctica de estas circunstancias agravantes, "por mandato expreso de la ley, procedía la duplicidad de la pena", por lo que "distinto a lo que alega el apelante no había la necesidad de la celebración de una vista para esos efectos".

El apelante no nos puso en posición de evaluar la apreciación de la prueba realizada por el jurado. En consecuencia, merece deferencia el veredicto que determinó, unánimemente, que el señor Jiménez apuntó y disparó a tres personas provocándoles la muerte. De

modo, qué conforme a la normativa previamente expuesta, no erró el TPI al imponer las penas duplicadas al apelante.[13]

Finalmente, en la medida en que resolvimos el asunto mediante un análisis estatutario, es innecesario atender el argumento constitucional levantado por el señor Jiménez.[14]

**-IV-**

Por los fundamentos previamente expuestos, se confirman las sentencias apeladas.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Art. 7.03 de la Ley Núm. 404-2000, *supra*.
[14] *RPR & BJJ ex parte*, 207 DPR 389, 505 (2021).