Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| CITIMORTGAGE, INC.<br><br>Apelada<br><br>v.<br><br>MARCELINO DÍAZ NIEVES, SIPRIANA DE LA CRUZ REYNOSO Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; AUTORIDAD PARA EL FINANCIAMIENTO DE LA VIVIENDA DE PUERTO RICO<br><br>Apelante | KLAN202500342 | Apelación<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>K CD2016-1244<br><br>Sobre:<br>Cobro de Dinero y Ejecución de Hipoteca por la vía ordinaria |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

El 21 de abril de 2025, el Sr. Marcelino Díaz Nieves y la Sra. Sipriana De La Cruz Reynoso (en adelante, esposos Díaz De La Cruz o parte apelante) sometieron ante este Tribunal de Apelaciones un recurso de *Apelación*. En este, solicitan que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario) con fecha de 18 de marzo de 2025 y notificada al día siguiente. Allí, el foro primario declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por Citimortgage, Inc. (en adelante, Citimortgage o parte apelada). En consecuencia, el TPI ordenó la ejecución de hipoteca constituida por la parte apelante, la venta en pública subasta de la propiedad en controversia, intereses, costas, gastos y honorarios de abogados.

Número Identificador

SEN2025 _____

Habiéndose perfeccionado el recurso, hemos evaluado los argumentos levantados por las partes. Así, sopesados estos al crisol del derecho aplicable, resolvemos **confirmar** el dictamen apelado.

I.

Según surge del expediente, Citimortgage presentó una *Demanda* sobre ejecución de hipoteca en contra de los esposos Díaz De La Cruz, la sociedad legal de gananciales compuesta por ambos y la Autoridad Para el Financiamiento de la Vivienda de Puerto Rico (en adelante, Autoridad). En esencia, alegó que, el 10 de febrero de 2005, la parte apelante otorgó la Escritura Número cuarenta y cuatro (44) de *Segunda Hipoteca* en la cual constituyeron una hipoteca a favor de la Autoridad por la suma de diez mil dólares ($10,000.00). Sostuvo que era tenedor de dicho pagaré. Además, arguyó que la parte apelante incumplió con sus obligaciones y adeudaba la suma de $72,120.98 por concepto del principal, recargos por atrasos, más intereses al 4.125% anual a partir del 1ro de abril de 2021 hasta su completo pago, recargos por razón del 4% de cada pago vencido no recibido dentro de los quince (15) días después de la fecha de vencimiento, más las primas por seguro hipotecario y riesgo, recargos por demora, créditos accesorios, adelantos hechos en virtud de la escritura de hipoteca y cualquiera otras cantidades pactadas en la escritura de hipoteca hasta la fecha de total pago, más el 10% del principal para costas, gastos y honorarios de abogado.

Así las cosas, el 1 de diciembre de 2021, el foro primario emitió una *Orden* en la cual refirió a las partes al Centro de Mediación de Conflictos. En cumplimiento con lo anterior, el 27 de junio de 2022, las partes presentaron su *Aceptación de Acuerdos Por Videoconferencia*. En esta, establecieron los términos y condiciones para atender la controversia.

Tras varios trámites procesales, el 18 de diciembre de 2024, Citimortgage presentó una *Moción de Sentencia Sumaria*. En esta, enumeró nueve (9) hechos que, a su juicio, no estaban en controversia. A su vez,

esbozó que no existía controversia respecto a los contratos otorgados, por lo que estos eran la ley entre las partes. Manifestó que, a tenor con el pagaré, la escritura de hipoteca y su modificación, la parte apelante incumplió con sus obligaciones y las condiciones de estos. Finalmente, enfatizó que, el proceso de mediación culminó con un acuerdo entre las partes. No obstante, señaló que la parte apelante no cumplió con dicho acuerdo. En virtud de lo anterior, solicitó se declarase ha lugar la moción sentencia sumaria, y se ordenara la venta de la propiedad en pública subasta.

Por su parte, el **8 de enero de 2025**, la parte apelante presentó una *Solicitud de Breve Término*. Mediante esta, indicó que su representante legal se reincorporó a la oficina luego de un receso navideño, por lo que solicitó el término adicional de quince (15) días para oponerse a la moción de sentencia sumaria. No obstante, el 18 de marzo de 2025, el foro primario emitió su *Sentencia* en la cual declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por Citimortgage. Por consiguiente, ordenó la ejecución de hipoteca constituida por la parte apelante, la venta en pública subasta del inmueble en controversia e intereses, costas, gastos y honorarios de abogado. A su vez, determinó que no existía controversia en cuanto a los siguientes hechos:

1. El 10 de febrero de 2005, Marcelino Díaz Nieves y Sipriana De La Cruz Reynoso suscribieron un Pagaré a favor de Pan American Financial Corporation, mediante el cual se obligaron a pagarle la cantidad de $83,027.00 de principal más intereses al 7% anual, recargos a razón del 4% de cada pago vencido no recibido dentro de los quince (15) días después de la fecha de vencimiento, más el 10% del principal para costas, gastos y honorarios de abogado.

2. CITIMORTGAGE, INC., es el actual tenedor del pagaré.

3. El referido pagaré no ha sido endosado para su cancelación, ni cedido, ni negociado por CITIMOTGAGE, Inc.

4. Para garantizar el pagaré antes mencionado, Marcelino Díaz Nieves y Sipriana de La Cruz Reynoso otorgaron una Primera Hipoteca el 10 de febrero de 2005, por la suma principal de $83,027 de principal más intereses al 7% anual, recargos a razón del 4% de cada pago vencido no recibido dentro de los quince (15) días después de la fecha de vencimiento, más el 10% del principal para costas, gastos y honorarios de abogado en caso

de reclamación judicial, según consta en la Escritura Número 43 otorgada en Guaynabo, Puerto Rico, ante el Notario Público José M. Birriel Barreto sobre la siguiente propiedad:

---URBANA: Solar marcado con el número 37 del plano de inscripción del proyecto VBC- 7 radicado en el término municipal de Sabana Llana, Puerto Rico con una cabida superficial de 119.18 metros cuadrados. En lindes: por el NORTE, con el paseo número 1; por el SUR, con el solar número 48; por el ESTE, con el solar número 38, pared medianera; por el OESTE, con el solar número 36, pared medianera. Enclava una estructura dedicada a vivienda sobre el cual existe una servidumbre por signo aparente establecida por la corporación vendedora en las paredes que divide dicha estructura de las estructuras enclavadas. ---------------------------

--- Inscrita al folio 244 del tomo 280 de Sabana Llana, finca número 12107, Registro de la Propiedad de Puerto Rico, Sección Quinta de San Juan.

5. El 23 de septiembre de 2011, CITIMORTGAGE, INC., como tenedor del pagaré, y Marcelino Díaz Nieves y Sipriana De La Cruz Reynoso firmaron un "Loan Modification Agreement", mediante el cual se modificaron los términos del préstamo hipotecario antes descrito, en cuanto al balance del principal, intereses, pago mensual y vencimiento, siendo ahora el principal $90,204.95, con intereses pactados en 4.125% anual efectivo el 1ro. de octubre de 2011; nuevo pago mensual de $437.18 comenzando el 1ro. de noviembre de 2011 y nueva fecha de vencimiento de 1ro. de octubre de 2041.

6. La parte demandada ha incumplido con sus obligaciones y adeuda solidariamente a CITIMORTGAGE, INC., la suma de $72,120.98 por concepto de principal, recargos por atrasos, más intereses al 4.12500% anual a partir del 1ro de abril de 2021 hasta su completo pago, recargos a razón del 4% de cada pago vencido no recibido dentro de los quince (15) días después de la fecha de vencimiento; más las primas por seguro hipotecario y riesgo; recargos por demora; los créditos accesorios; adelantos hechos en virtud de la escritura de hipoteca y cualquiera otras cantidades pactadas en la escritura de hipoteca, desde la fecha antes mencionada y hasta la fecha de total pago de las mismas, más el 10% del principal de costas, gastos y honorarios de abogados pactado.

7. No se encuentra ante la consideración de la parte demandante una solicitud completada bajo el programa de *Loss Mitigation* que provoque la paralización de los procedimientos, por lo que no es de aplicación la paralización de los procedimientos bajos las disposiciones del Reglamento X y la Ley 169-2016.

En vista de las determinaciones de hechos formuladas, el foro primario determinó que, Citimortgage era el tenedor del pagaré hipotecario, por lo que era el acreedor de una deuda válida, vencida y que no había sido satisfecha. Sostuvo, además, que la evidencia documental presentada por Citimortgage demostró que era el tenedor del pagaré y que dicho pagaré evidenciaba la garantía hipotecaria. De igual forma, resolvió

que no existía controversia respecto al hecho que la parte apelante dejó de pagar el préstamo hipotecario. Por otra parte, aclaró que, el descargo de las obligaciones de la parte apelante en el procedimiento de quiebra no impedía que Citimortgage ejerciera su causa de acción *in rem* y, solicitara la ejecución de la hipoteca constituida a su favor. En virtud de lo anterior, resolvió que procedía la *Demanda* en ejecución de hipoteca.

Inconforme aún, la parte apelante instó el recurso de apelación de epígrafe y señaló que el TPI erró:

> […] al denegar tácitamente la solicitud de término adicional para contestar la moción de sentencia sumaria, violentando el derecho al debido proceso de ley de la parte apelante, y adjudicar la moción de sentencia sumaria sin valorar que existían controversias genuinas sobre hechos materiales esenciales.

Atendido el recurso, el 30 de abril de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término dispuesto por el Reglamento de este Tribunal de Apelaciones para que presentara su oposición al recurso. El 20 de mayo de 2025, Citimortgage presentó una *Moción de Desestimación al Amparo de la Regla 83 del Tribunal de Apelaciones*. Ante este escrito, el 27 de mayo de 2025, le concedimos a la parte apelante el término de cinco (5) días para que expresara su posición. En cumplimiento con ello, el 5 de junio de 2025, presentó su *Moción en Cumplimiento de Resolución*. En esencia, la parte apelante esbozó no haber sido notificada de la solicitud de paralización presentada por Citimortgage, así como tampoco de resolución u orden alguna en la cual se haya ordenado la paralización de los procedimientos. Citimortgage por su parte, el 6 de junio de 2025, presentó una *Moción Para Que Se Dé por Sometida Sin Oposición La Moción de Desestimación*. Allí planteó que el término concedido a la parte apelante para expresarse respecto a la moción de desestimación transcurrió sin que lo hiciera, por lo debía darse por no opuesta su solicitud de desestimación y proceder a desestimarse el recurso.

Luego de examinar la moción desestimación y su oposición, declaramos **No Ha Lugar** la solicitud de desestimación del recurso. Nos explicamos.

En su solicitud de desestimación, Citimortgage expone que debido a que había una solicitud de mitigación de pérdidas bajo evaluación, y el caso continúa paralizado desde la perspectiva bancaria, el recurso de apelación presentado resultaba prematuro, pues carecíamos de jurisdicción sobre la materia. No obstante, si bien Citimortgage nos sometió copia de la *Moción Para La Paralización De Los Procedimientos* presentada ante el TPI con fecha de presentación del 7 de abril de 2025, no produjo documento alguno que refleje que, en efecto, el pleito ante el foro primario fue paralizado.[1]

A los fines de atender sus planteamientos, nos dimos a la tarea de realizar una búsqueda en el sistema de Consulta de Casos del Poder Judicial. De nuestra búsqueda no surge una orden o resolución emitida al día de hoy por el TPI expresándose al respecto. La mera presentación de una solicitud de paralización no detiene automáticamente el litigio. Mucho menos interrumpe o pone en suspenso los términos relativos al recurso de apelación. Por tanto, y ante meras alegaciones sobre falta de jurisdicción, procede denegar la solicitud de desestimación.

Habiéndose resuelto lo anterior, damos por sometido el asunto y procedemos a resolver.

II.

*A.*

El mecanismo procesal de la sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil, 32 LPRA, Ap. V., R. 36, permite resolver los

---

[1] Nos parece adecuado señalar que la solicitud de paralización de los procedimientos que Citimortgage sometió ante el TPI no fue acompañada con evidencia alguna de que en efecto el proceso de mitigación de pérdida haya sido sometido y se encuentre bajo evaluación. De igual forma, entendemos meritorio aclarar que dicha moción fue presentada ante el TPI antes de la presentación del recurso ante nuestra consideración. Por lo tanto, el TPI podía actuar sobre dicha solicitud de paralización. Sin embargo, nada ha dispuesto hasta el momento.

asuntos de aquellos litigios que no presentan controversias genuinas de hechos materiales y que, por consiguiente, no ameritan la celebración de un juicio. Cruz Velez v. CEE y otros, 206 DPR 694 (2021), al citar a Mejías et al. v. Carrasquillo et al., 185 DPR 288 (2012) y otros. Así pues, conforme la discutida regla, procede dictar sentencia sumaria si de las alegaciones, deposiciones y admisiones ofrecidas, más las declaraciones juradas y cualquier otra evidencia presentada se acredita la inexistencia de una controversia real y sustancial sobre algún hecho esencial y material. Deberá, también, justificarse por el derecho aplicable. Id., mencionando a Bobé et al. v. UBS Financial Services, 198 DPR 6, 7 (2017) y demás.

Por otro lado, **la parte que se oponga a la moción de sentencia sumaria, deberá así hacerlo dentro del término de veinte (20) días desde su notificación, cumpliendo con los requisitos de ley.** (Énfasis suplido). Así pues, deberá efectuar una exposición breve de las alegaciones, los asuntos litigiosos o en controversia. También, deberá hacer referencia a los párrafos enumerados por la parte promovente que entiende están en controversia y para cada uno, detallar la evidencia admisible que sostiene su impugnación. Véase, Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b); Cruz Velez v. CEE y otros; *supra*; y SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 432 (2013). Las meras afirmaciones no bastan. Meléndez González et al. v. M. Cuebas, 193 DPR 100, 136 (2015). Esto es así, ya que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, sino que tiene que ser una que permita concluir la existencia de una controversia real y sustancial sobre hechos relevantes y pertinentes. Abrams Rivera v. E.L.A., 178 DPR 914, 932 (2010). No obstante, el no presentarse oposición a una moción de sentencia sumaria no impide que el tribunal falle en contra del promovente de esta ya que esta "puede dictarse a favor o en contra del promovente, según proceda en derecho.". Audiovisual Lang. v. Sist. Est. Natal Hnos., 144 DPR 563, 575 (1997).

Así, al evaluar los méritos de una solicitud de sentencia sumaria un tribunal podrá dictar sentencia sumaria si de los documentos sometidos ante su consideración surge que no existe controversia real sustancial en cuanto a ningún hecho material y solo restaría por resolver una controversia estricta de derecho. Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V R 36.3(e). Por el contrario, no procederá una moción de sentencia sumaria cuando (1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho, no proceda. Cruz Velez v. CEE y otros; *supra.*

En cuanto a la revisión judicial de una determinación sobre sentencia sumaria, es meritorio señalar que los foros apelativos nos encontramos en la misma posición que el foro primario. Por ello, debemos regirnos por la Regla 36 de Procedimiento Civil y aplicar los criterios de esta. No obstante, no podemos tomar en consideración evidencia que las partes no presentaron ante el TPI. Tampoco podemos adjudicar los hechos materiales en controversia, por ser una tarea que le compete al foro de instancia luego de celebrarse un juicio. Meléndez González et al. v. M. Cuebas, *supra,* pág. 118.

*B.*

El Reglamento del Tribunal de Apelaciones, en conjunto con las Reglas de Procedimiento Civil y de Procedimiento Criminal, regula el contenido de los recursos que se presentan ante su consideración. Pueblo v. Valentín Rivera, 197 DPR 636 (2017). En cuanto a las apelaciones de sentencias en casos civiles, la Regla 16 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 16, regula lo concerniente al contenido del recurso de apelación. La misma, establece que el escrito de apelación contendrá, entre otras cosas, un apéndice. **En lo pertinente al caso de**

**epígrafe, la Regla 16 (E) del aludido Reglamento dispone que el apéndice incluirá toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a este y cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.** 4 LPRA Ap. XXII-B R. 16 (E).

C.

La Regla 68.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2, dispone lo siguiente:

> Cuando por estas reglas, por una notificación dada en virtud de sus disposiciones o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) ordenar, previa moción o notificación, o sin ellas, que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) permitir, en virtud de moción presentada después de haber expirado el plazo especificado, que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en éstas bajo las condiciones en ellas prescritas.

Por ello, los foros primarios pueden conceder prórrogas a términos de cumplimiento estricto, siempre y cuando, a su discreción, la parte que los solicita demuestre que hay justa causa para concederlos. Rivera Marcucci v. Suiza Dairy, 196 DPR 157 (2016). Esta justa causa se acredita mediante explicaciones concretas y particulares que le permitan al tribunal concluir que hubo una excusa razonable para la tardanza o la demora. Quiere decir esto que vaguedades y excusas o planteamientos estereotipados no constituyen justa causa. Rivera Marcucci et al. v. Suiza Dairy, *supra*, págs. 171-172. La existencia de justa causa es un elemento que ha de evaluarse caso a caso. Id.

III.

Mediante el recurso que nos ocupa, la parte apelante nos solicita que revoquemos la *Sentencia* emitida por el foro primario el 18 de marzo de 2025, en la que se declaró Ha Lugar la *Moción de Sentencia Sumaria* que presentó Citimortgage. Con tal propósito, reclama que, al dictar sentencia, el foro primario denegó tácitamente su solicitud de término adicional para contestar la moción de sentencia sumaria. Así pues, explica que su moción para un breve término fue presentada dentro de los veinte (20) días que tenía disponible para oponerse a la moción dispositiva. A su vez, plantea que, a los fines de salvaguardar el derecho de las partes a un proceso justo, las Reglas de Procedimiento Civil facultan a los tribunales a conceder un término adicional para oponerse a una moción de sentencia sumaria siempre que las partes demuestren justa causa. Por consiguiente, al dictar sentencia sumaria sin atender su solicitud de prórroga ni permitirle presentar su oposición, el foro primario violentó el debido proceso de ley y los principios más básicos de justicia procesal. Así pues, y habida cuenta de que el mecanismo de sentencia sumaria no debe ser utilizado como sustituto de un juicio, plantea que la negativa tácita del tribunal a resolver su solicitud de término adicional, así como la resolución sumaria del caso constituyó un abuso de discreción judicial que amerita nuestra intervención.

Según surge del legajo apelativo, el 18 de diciembre de 2024, Citimortgage presentó una *Moción de Sentencia Sumaria*. El 8 de enero de 2025, la parte apelante acudió al tribunal a solicitar un término adicional de quince (15) días para presentar su oposición. Como indica la parte apelante, el TPI no atendió este escrito. En su lugar, el 18 de marzo de 2025, dictó sentencia en la cual declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por Citimortgage. Como arriba dijimos, la parte apelante reclama que esto constituyó una violación al debido proceso de ley y abuso de discreción por parte del foro primario. No estamos de acuerdo.

Aunque es correcto que el foro primario nunca contestó expresamente la solicitud de prórroga de la parte apelante, igualmente acertado es que dicha parte no fue diligente en la tramitación de su defensa. **Es fácil advertir que la parte apelante tuvo disponible dos (2) meses y diez (10) días para presentar su oposición, previo a que el foro primario emitiera la _Sentencia_ del caso de epígrafe, más no lo hizo. Al contrario, escogió cruzarse de brazos y dejar transcurrir un tiempo sustancialmente en exceso del peticionado sin comparecer ante el tribunal a oponerse a la moción dispositiva sometida en el caso como sabía debía hacer.** Por tal razón, resolvemos que el TPI no abusó de su discreción al resolver la moción de sentencia sumaria sin el beneficio de la comparecencia de la parte apelante.

Ahora bien, mediante argumentos adicionales planteados en su recurso, la parte apelante también señala que fue un error de parte del foro primario el haber concedido la moción de sentencia sumaria de Citimortgage. Sobre esto, afirma que en el caso se encuentran controvertidos hechos medulares como la existencia y cumplimiento de un acuerdo de modificación de préstamo, así como la negativa del acreedor a aceptar pagos conforme dicho acuerdo. Según consignamos al exponer el derecho aplicable, al momento de revisar la concesión de una solicitud de sentencia sumaria, nos encontramos en la misma posición que el TPI. Es decir, nuestra revisión es una de _novo_. Sin embargo, en el caso de autos estamos impedidos de ejercer dicha evaluación. Ello es así ya que, aunque la parte apelante incluyó en el apéndice del recurso la _Moción de Sentencia Sumaria_ sometida por Citimortgage, falló en incluir los distintos anejos sometidos por dicha parte en apoyo a los hechos incontrovertidos propuestos.

Con tal omisión, la parte apelante no nos ha puesto en posición de revisar de _novo_ el dictamen impugnado. El apéndice que sometió está

incompleto, pues no contiene los anejos de la moción dispositiva cuya concesión cuestiona. Ante tal hecho, debemos conferir deferencia a la evaluación efectuada por el foro primario de los hechos incontrovertidos propuestos en la solicitud de sentencia sumaria, según fueron sustentados con declaraciones juradas, un pagaré, una escritura de hipoteca, una certificación registral, un *loan modification agreement*, entre otros documentos. En virtud de lo anterior, colegimos que procede confirmar la *Sentencia* emitida por el foro primario.

IV.

Por los fundamentos antes expuestos, confirmamos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan y declaramos No Ha Lugar la *Moción de Desestimación al Amparo de la Regla 83 del Tribunal de Apelaciones*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones