ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>CARLOS ALBERTO SOTO RIVERA<br><br>Peticionario | TA2025CE00036 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.:<br>E IS2022G0019<br><br>Salón 0302<br><br>Sobre:<br>A130/Agresión Sexual |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de julio de 2025.

Compareció ante nos, por derecho propio, el Sr. Carlos A. Soto Rivera (en adelante, "señor Soto Rivera" o "peticionario") mediante recurso de *Certiorari* suscrito el 11 de junio de 2025 y presentado en la Secretaria de este Tribunal, el 16 de junio de 2025.

Por los fundamentos que expondremos a continuación, se **desestima** el auto de Certiorari por falta de jurisdicción debido al incumplimiento craso con las disposiciones reglamentarias para su perfeccionamiento.

**-I-**

Del recurso que nos ocupa surge que, desde el 25 de noviembre de 2024 el señor Soto Rivera es miembro de la población correccional de la Institución Guayama 296. Además, el señor Soto Rivera arguye que fue sentenciado por los delitos consignados en "Art. 130B Concurrente con Art. 59D Ley 246" y condenado a cumplir una pena de reclusión de "8-años el tiempo de Sentencia

40-años" hasta el "19 de julio de 2062".[1] Alegó, asimismo, que su representación legal —la Lcda. Sylvia Sepúlveda Lozada— no le informó ni lo orientó sobre la alegación preacordada con el Ministerio Público. Resaltó que nunca firmaría un preacuerdo, aunque "reconoce [q]ue [c]ome[tió] un error [del] [c]ual est[á] arrenpen[t]ido [h]abiendo así desde el primer momento asumi[d]o la [r]esponsabilidad de [c]ulpabilidad sin [h]aber entrado en un juicio en su fondo".[2] Por lo anterior, nos solicita la anulación de la alegación para que la pena de reclusión pueda ser reducida.

Examinado el auto de *Certiorari* y la totalidad del expediente, prescindimos de la comparecencia del recurrido al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025), y procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

-II-

## A. Jurisdicción

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR V. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada núm. 1, pág. 1.
[2] Véase, SUMAC-TA, entrada núm. 1, pág. 2.

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdiccion y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio.*

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruíz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Perfeccionamiento de los recursos apelativos**

En nuestro ordenamiento jurídico, se ha establecido que el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013); *Cárdenas Maxán v. Rodríguez*, 119 DPR 642, 659 (1987). Por lo que, "las disposiciones reglamentarias que rigen su perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados". *Isleta v. Inversiones Isleta Marina*, 203 DPR 585, 591 (2019). Incluso, nuestro Alto Foro ha resuelto que, "el

hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales". *Febles v. Romar,* 159 DPR 714, 722 (2003). Ello es así puesto que, "[e]sta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí". *Soto Pino v. Uno Radio Group,* supra, pág. 90.

Consonó con lo anterior, la Regla 34(C)(1) del Reglamento del Tribunal de Apelaciones dispone que todo escrito de *Certiorari* debe contener, entre otros, lo siguiente:

> (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari.*

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 52, 215 DPR __ (2025).

De igual manera, la Regla 34(E)(1) de nuestro Reglamento, requiere que el apéndice de un recurso de *Certiorari* contenga copia literal de lo siguiente:

> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluidas las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere, y la notificación del archivo en autos de una copia de la notificación de la decisión, si la hubiere.
>
> (c) Toda moción debidamente sellada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar la solicitud de *certiorari*, y la notificación del archivo en autos de una copia de la resolución u orden.
>
> (d) Toda resolución u orden, y toda moción o escrito de cualesquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en los cuales se discuta expresamente cualquier asunto planteado en la solicitud de *certiorari*, o que sean relevantes a esta.
>
> (e) Cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.

Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 53, 215 DPR __ (2025).

Para salvaguardar las normas procesales apelativas, el Tribunal Supremo ha establecido que "la inobservancia de las disposiciones reglamentarias sobre la forma y presentación de los recursos puede conllevar la sanción más severa para cualquier reclamante: la desestimación". *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Asimismo, se ha establecido que los apéndices incompletos —siempre y cuando su omisión nos impida penetrar la controversia y constatar nuestra controversia— puede conllevar la desestimación. *Vázquez Figueroa v. ELA,* 172 DPR 150, 155 (2007). No obstante, lo anterior procede en la medida que "nos aseguremos que el quebrantamiento con los postulados reglamentarios haya provocado un impedimento real y meritorio para considerar la controversia en los méritos". *Pueblo v. Valentín Rivera,* supra, pág. 641.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver.

**-III-**

En síntesis, el peticionario nos solicita la revisión y anulación de una sentencia la cual fue producto de una alegación preacordada.

No obstante, como foro revisor, nos corresponde examinar nuestra jurisdicción para atender el recurso que nos ocupa. Veamos.

Según señalamos en el acápite II de esta *Resolución,* el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Soto Pino v. Uno Radio Group,* supra. De manera que las partes deben cumplir rigurosamente las disposiciones reglamentarias requeridas para perfeccionar sus recursos apelativos. *Isleta v. Inversiones Isleta Marina,* supra. Lo anterior nos permite tener un expediente completo y estar en posición de atender la controversia ante nos. *Soto Pino v. Uno Radio Group,* supra.

Cónsono con ello, la Regla 34 de este Tribunal revisor requiere que el escrito de *Certiorari* contenga, entre otras cosas, una referencia a de la decisión cuya revisión se solicita que incluya la fecha de ese dictamen y su notificación, así como una copia fiel de esta anejada en el apéndice del recurso.

Tras examinar el expediente de epígrafe nos percatamos que no surge del escrito de *Certiorari* una referencia de la sentencia recurrida ni consta en el apéndice una copia fiel y exacta de la misma. Esto es, no encontramos sentencia alguna de la cual el peticionario pudiese estar recurriendo ni especificidad de la fecha en la cual fue dictada o notificada, conforme las exigencias de la Regla 34(C) del Reglamento de este Tribunal. Por consiguiente, fuera de lo argüido por el peticionario, no podemos constatar ni siquiera, por cuál delito este fue encontrado culpable y la pena a la cual fue sentenciado. Más importante aún, tampoco podemos constatar si el peticionario presentó en el foro primario sus planteamientos y recurre ante este Tribunal en revisión o si presenta sus planteamientos por primera vez ante nosotros. Ello se debe a que el peticionario no incluyó con su recurso un apéndice que contuviese documentos relevantes que formen parte del expediente original en el foro primario, los cuales son necesarios y útiles a los fines de resolver la controversia ante nos, según requiere el Reglamento de este Foro Apelativo. Así pues, ni contamos con los elementos suficientes para entender el presente caso ni podemos auscultar propiamente nuestra jurisdicción.

Por tanto, resulta forzoso concluir que no tenemos jurisdicción a consecuencia del craso incumplimiento del peticionario con el Reglamento del Tribunal de Apelaciones. Aclaramos que, aunque la comparecencia del peticionario ante nos fue por derecho propio, ello no lo exime del cumplimiento con nuestras normas reglamentarias. *Febles v. Romar*, supra.

En vista de lo anterior, procedemos a desestimar el recurso de marras, de conformidad con la Regla 83(C) del Reglamento de este Tribunal.

**-IV-**

Por los fundamentos previamente expuestos, se **desestima** el recurso de epígrafe por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Barresi Ramos disiente sin voto escrito.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones